```
PAULA T. DOW
Attorney General of New Jersey
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, New Jersey  08625-0112
Attorney for Defendants
State of New Jersey and
New Jersey Civil Service
Commission
By:  Lisa Dorio Ruch
     Deputy Attorney General
     (609) 777-3442
     lisa.ruch@dol.lps.state.nj.us
```

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>              v.<br><br>STATE OF NEW JERSEY AND NEW JERSEY CIVIL SERVICE COMMISSION,<br><br>    Defendants. | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br><br>VICINAGE OF NEWARK<br><br>Honorable Katharine S. Hayden, U.S.D.J.<br><br>Civil Action No. 2:10-cv-00091-KSH-MAS<br><br>**AMENDED ANSWER TO COMPLAINT** |

       Defendants State of New Jersey and New Jersey Civil Service Commission ("NJCSC") (defendants hereinafter referenced collectively as "the State"), by way of Answer to the Complaint, state as follows:

    1.   The State makes no response to the allegations contained in paragraph 1 of the Complaint, as those allegations are not asserted against the State.

2. The State makes no response to the statements contained in paragraph 2 of the Complaint, as those statements are not directed against the State, and constitute legal conclusions. The State leaves the determination of the accuracy of those legal conclusions to the court.

3. The State denies the allegations contained in paragraph 3 of the Complaint.

4. The State denies the allegations contained in paragraph 4 of the Complaint, except admits that NJCSC is a five-member body.

5. The State admits the allegations contained in the first sentence of paragraph 5 of the Complaint, but makes no response to the statements contained in the second sentence of paragraph 5 of the Complaint, as those statements are not directed against the State.

6. The State admits the allegations contained in paragraph 6 of the Complaint.

7. The State denies the allegations contained in paragraph 7 of the Complaint.

8. The State admits the allegations contained in the first sentence of paragraph 8 of the Complaint. The State denies the allegations contained in the second sentence of paragraph 8 of the Complaint, except states that these procedures are utilized by local jurisdictions in New Jersey that participate in the New Jersey Civil Service system.

9. The State admits the allegations contained in paragraph 9 of the Complaint, except states that the examination is not the sole selection device for promotion to the rank of Police Sergeant.

10. The State admits the allegations contained in paragraph 10 of the Complaint, except states that participating local jurisdictions can, *inter alia*, interview candidates and appoint candidates provisionally to the position of Police Sergeant pending examination.

11. The State admits the allegations contained in paragraph 11 of the Complaint.

12. The State admits the allegations contained in the first sentence of paragraph 12 of the Complaint, but denies the allegations contained in the second sentence of paragraph 12 of the Complaint. With regard to the third, fourth, and fifth sentences of paragraph 12, the State makes no response except states that the Civil Service certification and appointment process is detailed in N.J.S.A. 11A:4-8, and the statute speaks for itself.

13. The State admits the allegations contained in paragraph 13 of the Complaint.

14. The State denies knowledge or information sufficient to form a belief regarding the truth of the allegations contained in the first sentence of paragraph 14 of the Complaint. The State makes no response to the second sentence of paragraph 14 of the Complaint, as those statements constitute legal conclusions, and

the State leaves the determination of the accuracy of those legal conclusions to the court.

15.  The State makes no response to the allegations contained in paragraph 15 of the Complaint, as those statements constitute legal conclusions, and the State leaves the determination of the accuracy of those legal conclusions to the court.

16.  The State denies knowledge or information sufficient to form a belief regarding the truth of the allegations contained in the first sentence of paragraph 16 of the Complaint.  The State makes no response to the second sentence of paragraph 16 of the Complaint, as those statements constitute legal conclusions, and the State leaves the determination of the accuracy of those legal conclusions to the court.

17.  The State makes no response to the allegations contained in paragraph 17 of the Complaint, as those statements constitute legal conclusions, and the State leaves the determination of the accuracy of those legal conclusions to the court.

18.  The State denies knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 18 of the Complaint, except admits that NJCSC ranks candidates for promotion to Police Sergeant on eligibility lists based upon the candidates' combined written examination scores and seniority credits and certifies candidates in descending rank order from the eligibility lists.

19. The State denies knowledge or information sufficient to form a belief regarding the truth of the allegations contained in the first sentence of paragraph 19 of the Complaint, and leaves plaintiff to its proofs at trial. The State makes no response to the second sentence of paragraph 19 of the Complaint, as those statements constitute legal conclusions, and the State leaves the determination of the accuracy of those legal conclusions to the court.

20. The State denies knowledge or information sufficient to form a belief regarding the truth of the allegations contained in the first sentence of paragraph 20 of the Complaint, and leaves plaintiff to its proofs at trial. The State makes no response to the second sentence of paragraph 20 of the Complaint, as those statements constitute legal conclusions, and the State leaves the determination of the accuracy of those legal conclusions to the court.

21. The State denies knowledge or information sufficient to form a belief regarding the truth of the allegations contained in the first sentence of paragraph 21 of the Complaint, and leaves plaintiff to its proofs at trial. The State makes no response to the second sentence of paragraph 21 of the Complaint, as those statements constitute legal conclusions, and the State leaves the determination of the accuracy of those legal conclusions to the court.

22.  The State denies knowledge or information sufficient to form a belief regarding the truth of the allegations contained in the first sentence of paragraph 22 of the Complaint, and leaves plaintiff to its proofs at trial.  The State makes no response to the second sentence of paragraph 22 of the Complaint, as those statements constitute legal conclusions, and the State leaves the determination of the accuracy of those legal conclusions to the court.

23.  The State denies knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 23 of the Complaint, and leaves plaintiff to its proofs at trial.

24.  The State denies the allegations contained in paragraph 24 of the Complaint.

25.  The State denies the allegations contained in paragraph 25 of the Complaint.

26.  The State denies the allegations contained in paragraph 26 of the Complaint.

27.  The State denies the allegations contained in paragraph 27 of the Complaint.

28.  The State denies the allegations contained in paragraph 28 of the Complaint.

29.  The State makes no response to the statements contained in paragraph 29 of the Complaint, as those statements are not

directed against the State, those statements constitute legal conclusions, and the State leaves the determination of the accuracy of those legal conclusions to the court.

**AFFIRMATIVE DEFENSES**

FIRST SEPARATE DEFENSE

The Complaint fails to set forth a cause of action upon which relief can be granted.

SECOND SEPARATE DEFENSE

The State is absolutely immune from suit for damages.

THIRD SEPARATE DEFENSE

The Court lacks jurisdiction over this matter.

FOURTH SEPARATE DEFENSE

Damages, if any, sustained by the plaintiff were the result of the actions of persons and/or entities over whom the State had no control.

FIFTH SEPARATE DEFENSE

Plaintiff lacks standing to maintain this action against the State.

SIXTH SEPARATE DEFENSE

Neither NJCSC nor the State is an "employer" under Title VII for purposes of this matter.

<u>SEVENTH SEPARATE DEFENSE</u>

The Police Sergeant examination at issue in this matter is job related and consistent with business necessity.

<u>EIGHTH SEPARATE DEFENSE</u>

There is no statistically significant difference between candidates of different races or ethnicities, either on the basis of pass/fail or appointment rates.

<u>NINTH SEPARATE DEFENSE</u>

The Police Sergeant examination does not have disparate impact upon candidates of different races or ethnicities.

<u>TENTH SEPARATE DEFENSE</u>

There is no alternate Police Sergeant examination that is less discriminatory upon candidates of different races or ethnicities.

<u>ELEVENTH SEPARATE DEFENSE</u>

Plaintiff's claims are barred by the applicable statute of limitations.

<u>TWELFTH SEPARATE DEFENSE</u>

Plaintiff's claims against the State are barred by its failure to join necessary, indispensable parties.

<u>RESERVATION OF RIGHTS</u>

The State reserves the right to move, at or before trial, to dismiss the Complaint, or for summary judgment, on the grounds that the Complaint fails to state a claim upon which relief can be

granted or that the State is entitled to judgment as a matter of law, based on any or all of the above defenses.

WHEREFORE, defendants State of New Jersey and New Jersey Civil Service Commission demand that judgment be entered in their favor and against plaintiff, dismissing the Complaint with prejudice and awarding costs and attorney's fees to the State and such other relief as the Court may deem just.

                                  PAULA T. DOW
                                  ATTORNEY GENERAL OF NEW JERSEY

                              By:  /s/Lisa Dorio Ruch
                                    Lisa Dorio Ruch
                                    Deputy Attorney General

Dated: April 30, 2010