IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE

| | | |
|---|---|---|
| _____ | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 2:10- cv-00091-KSH-MAS |
| STATE OF NEW JERSEY AND | ) | |
| NEW JERSEY CIVIL SERVICE | ) | Hon. Katharine S. Hayden |
| COMMISSION, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**SECOND AMENDED CONSENT DECREE**

This action was brought by the United States against the State of New Jersey and the New Jersey Civil Service Commission (the "State") to enforce the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., as amended ("Title VII"). This Court has jurisdiction of this action under 42 U.S.C. § 2000e-6 and 28 U.S.C. §§ 1343(a)(3) and 1345.

In its Complaint, the United States alleges that the State has pursued policies and practices that discriminate against and deprive or tend to deprive African Americans and Hispanics of employment opportunities because of their race and/or national origin, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a). Specifically, the United States alleges that since 2000, the State's (i) pass/fail use of a police sergeant written exam; and (ii) certification of police sergeant candidates in descending rank order based on a combination of candidates' written exam scores and seniority credits have resulted in a disparate impact upon

1

African-American and Hispanic candidates for promotion to police sergeant in local jurisdictions participating in New Jersey's civil service system.  The United States further alleges that the State's uses of the written exam have not been shown to be job related for the position of police sergeant and consistent with business necessity.[1]

The State denies that it has violated Title VII.  Nevertheless, the United States and the State desire that this action be settled by an appropriate Consent Decree ("Decree") without the burden of protracted litigation, and agree to the jurisdiction of this Court over the Parties and the subject matter of this action.  The United States and the State further agree to the entry of this Decree as final and binding between themselves as to the issues raised in the United States' Complaint in this action.  Subject to the Court's approval of this Decree, the Parties waive hearings and findings of fact and conclusions of law on all issues, except as to the following, which the United States contends, the Court finds, and for purposes of this Consent Decree only and without admitting liability, the State does not dispute for purposes of these proceedings only:[2]

   a. Since at least 2000, the selection process used by the State in the screening and selection of candidates for promotion into the position of police sergeant in local jurisdictions throughout New Jersey that participate in the New Jersey civil service system has included the administration of a written exam ("police sergeant written exam").  Candidates cannot be considered for promotion to police sergeant unless they take and pass the police sergeant written exam.

   b. Candidates who meet the minimum qualifications set by the State and who achieve a passing score on the police sergeant written exam are placed on eligible lists for each

---

[1] This action alleges disparate impact discrimination.  The United States does not allege in its Complaint that the State has intentionally discriminated against any person or group of persons under Title VII.

[2] The facts are based on the Declarations of Dr. Bernard Siskin, Ph.D., and Dr. David P. Jones, Ph.D., attached to the Parties' joint memorandum in support of entry of this Decree.

local jurisdiction in descending rank order based on their final scores.  Final scores are a combination of police sergeant exam scores, weighted 80 percent, and seniority credits, weighted 20 percent.

c.  From 2000 to 2009, African-American and Hispanic candidates passed the police sergeant written exam at a lower rate than white candidates, and the disparity in pass rates is statistically significant.

d.  From 2000 to 2008, African-American and Hispanic candidates ranked lower on eligible lists than white candidates, and the disparity in ranks is statistically significant.

e.  The State's use of the police sergeant written exam as a pass/fail screening device from 2000 to 2009 resulted in a disparate impact upon African-American and Hispanic candidates for promotion to police sergeant sufficient to establish a *prima facie* case under Title VII.

f.  The State's determination and use of final scores to certify candidates from eligible lists in descending rank order from 2000 to 2008 resulted in a disparate impact upon African-American and Hispanic candidates sufficient to establish a *prima facie* case under Title VII.

g.  At least 48 additional African Americans would have been promoted to the position of police sergeant in local jurisdictions throughout New Jersey from 2000 to 2009 absent the disparate impact resulting from the State's pass/fail use of the police sergeant written exam and from the State's determination and use of final scores to certify candidates in descending rank order.

h.  At least 20 additional Hispanics would have been promoted to the position of police sergeant in local jurisdictions throughout New Jersey from 2000 to 2009 absent the disparate impact resulting from the State's pass/fail use of the police sergeant written exam and from the State's determination and use of final scores to certify candidates in descending rank order.

i.  The State's use of the police sergeant written exam as a pass/fail screening device and the State's determination and use of final scores to certify candidates from eligible lists in descending rank order are not job related or consistent with business necessity under professionally acceptable standards for validity.[3]

---

[3]  The United States also contends that alternative selection devices exist to select candidates for supervisory, public safety positions that would have served the State's legitimate needs and that have been demonstrated to have less adverse impact.  Since the parties are proceeding under the theory that the challenged employment practices are not job related and consistent with business necessity, it is unnecessary to set forth these alternatives.

j.  The retroactive seniority awarded to Claimants under this Decree does not exceed the seniority lost by African-American and Hispanic candidates from 2000 to 2009 as a result of the State's pass/fail use of the police sergeant written exam and from the State's determination and use of final scores to certify candidates in descending rank order.

k.  The relief provided by this Decree does not exceed make-whole relief to individuals who would be considered victims of the practices challenged by the United States, and the procedures set forth in this Decree for identifying Claimants and allocating relief among them is fair, reasonable, equitable and otherwise consistent with federal law.

l.  Priority promotions and awards of retroactive seniority under this Decree are remedial relief for identified individuals based on their status as victims of the practices challenged by the United States and do not constitute race-conscious "affirmative action."

In resolution of this action, with the consent of the Parties, IT IS THEREFORE

ORDERED, ADJUDGED AND DECREED as follows:

## I.  DEFINITIONS AND PARTIES

1.  The "Parties" to this Decree are the United States, by the Department of Justice, ("United States") and the State of New Jersey and the New Jersey Civil Service Commission (collectively, the "State").

2.  "Back pay" refers to a monetary award that represents the value of some or all of the wages that a Claimant would have received if he or she had been promoted to the position of police sergeant on the Claimant's presumptive appointment date as defined in Paragraph 9.

3.  "Claimant" refers to any African-American or Hispanic person from those jurisdictions identified in Attachment A who has not been promoted to police sergeant and who:

a.  between 2000 and 2009, failed a police sergeant written exam where appointments from the eligible list resulted in a shortfall of his or her race; or

4

    b.      between 2000 and 2008, passed a police sergeant written exam where appointments from the eligible list resulted in a shortfall of his or her race, but ranked below the lowest-ranking candidate appointed from that eligible list.

Attachment A sets forth the type of individual relief for which Claimants in specified jurisdictions are eligible. The names of those Claimants who are eligible for back pay are listed in Attachment B of this Decree. The names of those Claimants who are eligible for both back pay and priority promotion are listed in Attachment C of this Decree.

    4.     "Days" refers to calendar days unless business days are clearly specified in the context of a specific provision of this Decree. If any deadline referenced in this Decree should fall on a weekend or federal holiday, the deadline shall be moved to the next business day.

    5.     "Entry" of the Decree refers to the date that the Court orders entry of the Decree following the Initial Fairness Hearing described in Section IV of this Decree.

    6.     "Individual relief" refers to a monetary award in the form of back pay and/or an offer of priority promotion, including retroactive seniority that a Claimant may receive pursuant to the terms of this Decree.

    7.     "Local jurisdiction" refers to a municipality or county participating in the State of New Jersey's civil service system.

    8.     "Police sergeant" refers to a person promoted to a police sergeant position in a local jurisdiction participating in the State of New Jersey's civil service system, regardless of whether the person has completed any applicable probationary or working test period.

    9.     "Presumptive appointment date," with respect to a Claimant, refers to the start date that would have been available to the Claimant after he or she first:

     a.      between 2000 and 2009, failed a police sergeant written exam where appointments from the eligible list resulted in a shortfall of his or her race; or

     b.      between 2000 and 2008, passed a police sergeant written exam where appointments from the eligible list resulted in a shortfall of his or her race, but ranked below the lowest-ranking candidate appointed from that eligible list.

The presumptive appointment date for each Claimant is based upon the median appointment date for candidates on the eligible list that would have included the Claimant or from which the Claimant would have been appointed.  The presumptive appointment date for each Claimant eligible for both back pay and priority promotion is listed in Attachment C of this Decree.

     10.      "Retroactive seniority" refers to the seniority that the State will ensure Claimants who are awarded a priority promotion will receive.  The amount of retroactive seniority will be based upon the presumptive appointment date of the Claimant, as defined in the preceding Paragraph.  A Claimant's retroactive seniority date shall apply only to the calculation of seniority points for purposes of promotion.  A Claimant's retroactive seniority shall not be used to satisfy any applicable probationary/working test period or time-in-grade requirement for eligibility for promotion.

     11.      "Selection device" refers to any exam, test, requirement or criterion used to evaluate a person's qualifications for appointment to the position of police sergeant (*e.g*., application, written exam, oral interview, physical exam, and background investigation).

## II.    PURPOSES OF CONSENT DECREE

     12.      The purposes of this Decree are to ensure that:

     a.      The State does not violate Title VII by using policies or practices for promotion to the position of police sergeant that violate Title VII on the basis of race and/or national origin;

      b.      The State utilizes a new, lawful selection procedure that will serve the purposes of ensuring that promotions to police sergeant are based on merit and that the State's selection procedure does not unnecessarily exclude qualified African-American and Hispanic candidates; and

      c.      The State provides, as appropriate, back pay and/or priority promotions with retroactive seniority to qualified persons who were denied a promotion to police sergeant due to the employment practices challenged by the United States in this case.

## III.   GENERAL INJUNCTIVE RELIEF

13.     The State, its officials, agents, employees and successors, and all persons acting on behalf of or in active concert or participation with the State, are enjoined from using any selection device for the position of police sergeant that has a disparate impact upon African-American or Hispanic candidates on the basis of race or national origin and is not job related for that position and consistent with business necessity, or otherwise does not meet the requirements of Title VII.

14.     The State, its officials, agents, employees and successors, and all persons acting on behalf of or in active concert or participation with the State, are enjoined from engaging in any act of retaliation or act which in any respect adversely affects a person on account of that person's participation in or cooperation with the initiation, investigation, litigation or administration of this case or this Decree or on account of that person receiving any relief pursuant to this Decree.

15.     The State shall cease administering the existing police sergeant written exam challenged by the United States in this case to screen, select and appoint candidates for promotion to police sergeant.  As set forth in Section VII of this Decree, a new and lawful selection device will be developed for purposes of screening, selecting or appointing persons to police sergeant positions.

16.     The State shall cease using current eligible lists as part of its selection procedure for police sergeant in the local jurisdictions set forth in Attachment D, where continued use of such lists would result in a disparate impact upon African Americans or Hispanics and create an additional "shortfall" of African Americans or Hispanics who would have been promoted but for the State's uses of the challenged exam.[4]  In that regard, until the current eligible lists for jurisdictions listed in Attachment D expire, the State shall provide all certification requests from those jurisdictions to the United States prior to certifying candidates to the jurisdiction for promotion.   The United States shall determine through its expert whether the requested certification(s) would create an additional African-American or Hispanic shortfall in that jurisdiction.   For purposes of determining whether an additional shortfall would result, the United States will treat each request for certification as an actual appointment.  If an additional shortfall would not be created by the appointments, then the United States will notify the State and the certification(s) may be made.

17.     Notwithstanding the foregoing, the State may use existing eligible lists in all other local jurisdictions where continued use of such lists is not likely to result in a disparate impact upon African Americans or Hispanics and/or create an additional "shortfall" of African Americans or Hispanics who would have been promoted but for the State's uses of the challenged exam.  The use of these existing eligible lists will be an interim measure to fill police sergeant vacancies until an alternative selection device is approved and adopted in accordance with the terms of this Decree, as set forth in Section VII.  The State shall not extend any existing eligible lists without the approval of the United States.

---

[4]  The methodology for determining the shortfall number is set forth in Paragraphs 11-13 of Dr. Siskin's Declaration.

18.     The State shall designate a person who shall be responsible for enforcing the provisions of this Decree.  This person's responsibilities shall include, but not be limited to, ensuring that the State fully implements and complies with all paragraphs of this Decree, and receiving complaints of discrimination on the basis of race and/or national origin in the screening, selection and appointment of police sergeants.

## IV.    NOTICE OF CONSENT DECREE AND INITIAL FAIRNESS HEARING

19.     Upon execution of this Decree, the United States shall file an unopposed motion for the provisional approval and entry of the Decree by the Court and shall request an Initial Fairness Hearing on the terms of the Decree ("Initial Fairness Hearing") so that the Court may determine whether the terms of the Decree are fair, reasonable, equitable and otherwise consistent with federal law.  The Court shall provide the Parties with at least ninety (90) days notice of the date and time set for this Initial Fairness Hearing.  **The Court shall hold the Initial Fairness Hearing on March 12, 2012 at 10:00 a.m.**

20.     The purpose of the Initial Fairness Hearing and the related notification provisions of this Decree is to provide to all persons who may be affected by the terms of the Decree notice and an opportunity to present objections prior to final entry of the Decree, in accordance with Section 703(n) of Title VII, 42 U.S.C. § 2000e-2(n).

21.     No later than seventy-five (75) days prior to the Initial Fairness Hearing, the State or its designee shall provide copies of a Notice of Settlement and Fairness Hearing, Instructions for Filing an Objection Prior to the Fairness Hearing, and a blank Objection to the Entry of the Consent Decree, in the formats set forth in Attachment E:

> a.     via certified U.S. mail to the last known address of each African-American or Hispanic person identified in Attachments B and C, along with a cover letter in the format set forth in Attachment F to this Decree;

9

      b.     to each police sergeant, as defined above, via hand delivery at the place of the person's employment or as an attachment to or enclosure with each such person's regularly distributed paycheck or notice of electronic deposit, along with a cover letter in the format set forth in Attachment G to this Decree; and

      c.     via certified U.S. mail to the appointing authority in each local jurisdiction participating in the State of New Jersey's civil service system, to each union or association recognized as being authorized to represent police sergeants in each such local jurisdiction and to police officers in the local jurisdictions identified in Attachments D and K.

At or before the time notices are provided pursuant to preceding subparagraphs (a)-(c), the State shall provide to the United States a list stating the name and last known address of each person or entity to whom such notice is being sent.

22.     No later than seventy-five (75) days prior to the Initial Fairness Hearing, the State shall post the Notice of Settlement and Fairness Hearing, Instructions for Filing an Objection Prior to the Fairness Hearing, and a blank Objection to the Entry of the Consent Decree in the formats set forth in Attachment E on the State's and/or Civil Service Commission's website in a conspicuous location.

23.     No later than seventy-five (75) days prior to the Initial Fairness Hearing, the State shall publish a Notice of Settlement and Fairness Hearing, in a form substantially the same as contained in Attachment E to this Decree, in newspapers or other widely-disseminated media. The published notice shall appear with a headline in bold typeface, surrounded by a dark border, shall be no smaller than 6 inches by 10 inches in size, shall be placed in the local news section or other prominent location agreed to by the Parties and shall be published for fourteen (14) days.

24.     Persons who wish to object to the terms of the Decree may file objections, in accordance with the requirements set forth in Attachment E, as follows:

a.    Objections shall state the objector's name, address and telephone number; set forth a description of the objector's basis for objecting; include copies of any documentation supporting the objections; state the name and address of the objector's counsel, if any; and state whether the objector wishes the opportunity to be heard in Court at the Initial Fairness Hearing.

b.    Objections shall be mailed to the United States Department of Justice at the following address:

> State of New Jersey Settlement Team
> Employment Litigation Section
> U.S. Department of Justice
> Civil Rights Division
> Post Office Box 14400
> Washington, DC  20044-4400

c.    Objections must be mailed and postmarked to the United States no later than forty-five (45) days prior to the date set for the Initial Fairness Hearing.  Any person who fails to do so shall be deemed to have waived any right to object to the terms of this Decree, except for good cause as determined by the United States.

25.    The United States shall serve upon the State copies of the objections it has received no later than thirty (30) days prior to the date set for the Initial Fairness Hearing.

26.    No later than ten (10) days prior to the Initial Fairness Hearing, the United States shall file with the Court copies of all timely objections received by the United States.  If the United States receives any objection(s) timely sent but received after the deadline set forth in Paragraph 24(c), the United States will supplement promptly its filing with the Court and its mailing to the State.  In addition, no later than ten (10) days prior to the Initial Fairness Hearing, the Parties shall file their responses, if any, to all objections timely sent to the United States.

## V.    ENTRY OF THE CONSENT DECREE

27.    If the Court determines that the terms of this Decree are fair, reasonable, equitable and otherwise consistent with federal law, the Court shall enter the Decree at or following the Initial Fairness Hearing.

## VI.    INDIVIDUAL RELIEF

### A.    Deposit of the Settlement Fund

28.    Within thirty (30) days after the date of entry of this Consent Decree by the Court, the State shall deposit the sum of one million dollars ($1,000,000.00) into two interest-bearing accounts ( "Settlement Fund I" and "Settlement Fund II"), in a federally-insured financial institution agreed to by the Parties.  The total of one million dollars ($1,000,000.00) shall be allocated as follows:  the State shall deposit $710,000 into Settlement Fund I and $290,000 into Settlement Fund II.

29.    Settlement Fund I, including any interest accrued on the amount deposited by the State into Settlement Fund I pursuant to the preceding Paragraph, shall be used by the State to make back pay awards to eligible African-American Claimants.  Settlement Fund II, including any interest accrued on the amount deposited by the State into Settlement Fund II pursuant to the preceding Paragraph, shall be used by the State to make back pay awards to eligible Hispanic Claimants.  The Settlement Fund from which a back pay award is drawn for any Claimant who identifies himself/herself as both African American and Hispanic shall be determined at the sole discretion of the United States.  Any Claimant who the United States determines shall be paid from Settlement Fund I shall be considered an African-American Claimant for purposes of the priority appointment requirements of the Decree, and any Claimant who the United States determines shall be paid from Settlement Fund II shall be considered a Hispanic Claimant for purposes of the priority appointment requirements of the Decree.

30.    No later than seven (7) days from the date of entry of this Decree, the State shall propose in writing to the United States a federally-insured financial institution for deposit of Settlement Funds I and II.  The United States shall provide a written response to the State's

proposal no later than seven (7) days after receipt of the State's proposal, either consenting to the proposed financial institution or objecting and proposing an alternative financial institution.  If the Parties cannot agree on a federally-insured financial institution, either party may submit the dispute to the Court for resolution upon providing the other party with seven (7) days written notice of its intent.

> **B.**      **Back Pay Awards from the Settlement Funds**

31.     Back pay awarded under this Decree will be paid by the State directly to Claimants upon approval by the Court of the Final Relief Awards List and in accordance with the process set forth in Section J of this Decree.  The State shall withhold from each Claimant's back pay award all appropriate federal and state income taxes and the employee's Medicare and FICA tax.

> **C.**      **Notice to Individuals Potentially Eligible for Relief**

32.     Individuals potentially eligible for relief under this Decree shall include all Claimants as that term is defined in this Decree.

33.     Within thirty (30) days after entry of the Decree, the State shall send a copy of the Notice of Entry of Consent Decree and Interest in Back Pay Form or Interest in Back Pay and/or Priority Promotion Form set forth in Attachment H to this Decree, by certified U.S. mail, return receipt requested, to the last known address of each Claimant.  The State shall keep records of all notices required by this Paragraph that are returned as undeliverable.  Within twenty-one (21) days of the mailing of the notices, the State shall provide to the United States a list of all delivered and undelivered notices and a copy of all notices, envelopes and mail receipts for all persons to whom a notice was sent.  If the United States provides the State with an alternative address for any person whose notice was returned as undeliverable, the State shall re-mail

promptly the notice to the alternative address for that individual by certified U.S. mail, return receipt requested.  If requested, the State shall provide to the United States information available to the State that may allow the United States to locate an alternative address for any person whose notice was returned as undeliverable.

### D.   Claimants to Submit Interest in Back Pay Form or Interest in Back Pay and/or Priority Promotion Form

34.     In order to be eligible for relief under this Decree, a Claimant must return the completed Interest in Back Pay Form or Interest in Back Pay and/or Priority Promotion Form (Attachment H) to the United States no later than sixty (60) days from the date of entry of this Decree.  Any Claimant who fails to do so shall be deemed to have waived any right to be considered for an award of individual relief under this Decree, except for good cause as determined by the United States.  The date the Interest in Back Pay Form or Interest in Back Pay and/or Priority Promotion Form was mailed or otherwise delivered to the United States shall be deemed the date of return of the Claimant's form.  In the event that an Interest in Back Pay Form or Interest in Back Pay and/or Priority Promotion Form is returned by U.S. mail but no date of mailing is indicated by a postmark of the United States Postal Service, the date of return of the Interest in Back Pay Form or Interest in Back Pay and/or Priority Promotion Form shall be deemed to be five (5) days prior to the date the form was received by the United States.

### E.   Initial Determination of Claimants' Preliminary Eligibility for Individual Relief

35.     Within one hundred twenty (120) days after entry of this Decree, the United States shall provide to the State a Preliminary Relief Awards List that identifies all Claimants who have submitted an Interest in Back Pay Form or Interest in Back Pay and/or Priority Promotion Form to the United States and are preliminarily eligible for back pay and/or priority

promotions.  The list required by this Paragraph shall indicate the type(s) of relief, if any, for which the United States has determined each such Claimant is preliminarily eligible, and each such Claimant's presumptive appointment date for those preliminarily eligible for priority promotions, as defined in this Decree.  If the United States determines that any Claimant is not preliminarily eligible for a type of relief sought by the Claimant, the Preliminary Relief Awards List will include the reason(s) for that determination.

36.     No later than one hundred fifty (150) days after entry of the Decree, the State shall provide to the United States in writing all of its objections, if any, to the eligibility of any Claimant(s) to compete for priority promotions as preliminarily determined by the United States. The State may object to the eligibility of any Claimant only on the basis that the Claimant was not qualified for the position of police sergeant using the lawful, objective appointment criteria in use by the State at that time.  Each such objection shall state all grounds for the objection, identify all witnesses with knowledge of facts supporting the objection and include a copy of all documents supporting each objection.

### F.     Parties to Attempt to Resolve Any Disputes over Priority Promotions

37.     The Parties shall make good faith efforts to resolve any disagreements, or objections submitted to the United States, regarding any Claimant's eligibility to compete for a priority promotion for which the Claimant has been deemed preliminarily eligible.

38.     Upon the United States' request, the State shall make available within ten (10) days, for interview or deposition (at the United States' option), all available officials, agents and employees of the State with knowledge of facts supporting the State's objections made pursuant to Paragraph 36.

39.     If the Parties are unable to resolve a dispute, the United States or the State may request that the Court resolve the dispute at the Fairness Hearing on Individual Relief pursuant to Paragraph 43.  The State shall bear the burden of proving by a preponderance of the evidence that the Claimant is not eligible for a priority promotion.

G.     **Filing of Relief Awards List**

40.     No later than one hundred eighty (180) days after entry of the Decree, the United States shall file with the Court a Relief Awards List stating, for each Claimant who returned an Interest in Back Pay Form or Interest in Back Pay and/or Priority Promotion Form, the type(s) of relief sought by the Claimant, the type(s) of relief for which the United States deems the Claimant eligible, the amount of back pay (if any) for each Claimant and, for those eligible to compete for priority promotions, the Claimant's presumptive appointment date.  In addition, for each Claimant the United States deems eligible for back pay, the Relief Awards List shall state the share of Settlement Fund I or II that the United States has determined should be awarded to the Claimant.  The United States shall simultaneously serve a copy of the Relief Awards List upon the State.

41.     The United States shall determine each Claimant's share of Settlement Fund I or II in a manner that is reasonable and equitable based upon a determination of the shortfall, the salary differentials in each local jurisdiction and the total amount of the appropriate Settlement Fund, and that is otherwise consistent with the provisions of this Decree.

42.     In order to be eligible for back pay under this Decree, a Claimant need not express an interest in, or be eligible for, a priority promotion or accept an offer of appointment with a local jurisdiction.

### H.  <u>Fairness Hearing on Individual Relief</u>

43.     Upon filing the Relief Awards List described in Paragraph 40 of this Decree, the United States shall move the Court to hold a Fairness Hearing on Individual Relief to allow the Court to determine whether the Relief Awards List filed by the United States should be approved or amended.  The Court shall provide the Parties with at least ninety (90) days notice of the date and time set for the Fairness Hearing on Individual Relief.

44.     No later than eighty days (80) days before the date set for the Fairness Hearing on Individual Relief, the United States shall send, by certified U.S. mail, return receipt requested, to each Claimant, addressed to the last known or corrected/updated address of such Claimant, a Letter to Claimants, Instructions for Filing an Objection to Individual Relief and an Objection form, in the formats attached as Attachment I to this Decree, notifying the Claimant of (i) the United States' determinations regarding the Claimant's eligibility for relief under the Decree; (ii) the reasons for any determination that the Claimant is ineligible for any particular form of relief; (iii) whether the Claimant's eligibility to compete for a priority promotion has been disputed by the State and, if so, the reason(s) why; (iv) the Claimant's proposed share of back pay as stated on the Relief Awards List, if any; and (v) notice of the Fairness Hearing on Individual Relief and the procedure for filing an objection.

45.     For each Claimant the United States has determined is eligible to compete for priority promotion, as indicated in the Relief Awards List, no later than seventy (70) days before the date set for the Fairness Hearing on Individual Relief, the State shall provide to the United States and file with the Court notice of any objection(s) the State has to the United States' determination.  The State may not object to any Claimant's eligibility to compete for a priority promotion unless, pursuant to Paragraph 36 of this Decree, the State objected to a preliminary

17

determination by the United States that the Claimant was eligible to compete for a priority

promotion, and may not object on any grounds or support its objections with any documents or

testimony not timely disclosed to the United States pursuant to Paragraph 36 of this Decree.  The

State may not object to the United States' determinations regarding back pay reflected in the

Relief Awards List filed by the United States.

46.     Claimants who wish to object to the United States' relief determinations may file

in accordance with Attachment I as follows:

      a.      Objections shall state the Claimant's name, address and telephone number;
set forth a description of the Claimant's basis for disputing the United
States' relief determination; include copies of any documentation
supporting the objections; state the name and address of the Claimant's
counsel, if any; and state whether the Claimant wishes the opportunity to
be heard in court at the Fairness Hearing on Individual Relief.

      b.      Objections shall be submitted by mailing a copy of the Objection form to
the United States Department of Justice at the following address:

            State of New Jersey Settlement Team
Employment Litigation Section
U.S. Department of Justice
Civil Rights Division
Post Office Box 14400
Washington, DC  20044-4400

      c.      Objections must be mailed and postmarked to the above address no later
than sixty (60) days prior to the date set for the Fairness Hearing on
Individual Relief.

47.     The United States shall serve upon the State copies of the objections it has

received no later than thirty (30) days prior to the date set for the Fairness Hearing on Individual

Relief.

48.     No later than ten (10) days prior to the Fairness Hearing on Individual Relief, the

United States shall file with the Court copies of all timely objections received by the United

States.  If the United States receives any objection(s) timely sent but received after the deadlines

set forth in Paragraph 46(c), the United States will supplement promptly its filing with the Court

and its mailing to the State.  In addition, no later than ten (10) days prior to the Fairness Hearing

on Individual Relief, the Parties shall file their responses, if any, to all objections timely sent to

the United States.

### I.    Approval of Final Relief Awards List

49.    At or following the Fairness Hearing on Individual Relief, the Court shall

determine which, if any, objections to the United States' Relief Awards List filed pursuant to

Paragraph 48 are well founded.  The Court shall then approve the Relief Awards List as

submitted or, if the Court finds that any objection(s) with respect to a Claimant are well founded,

shall amend the list to adjust the amount and nature of the relief to be awarded to the Claimant

consistent with such finding, while maintaining, to the extent possible, the proportionate shares

of back pay awarded to all other Claimants.  The list approved by the Court will be the Final

Relief Awards List.

50.    The Court shall find that any objection by a Claimant, including an objection to

the amount of back pay to be awarded to a Claimant or to the United States' determination that a

Claimant is not eligible to compete for a priority promotion (as reflected on the Relief Awards

List filed pursuant to Paragraph 40), is well founded only if the Court finds that the United

States' determination was not reasonable, equitable or consistent with the provisions of this

Decree or federal law.

51.    The Court shall find that any objection by the State to the United States'

determination that a Claimant is eligible for a priority promotion is well founded only if the State

proves by a preponderance of the evidence that at the time of the Claimant's presumptive

appointment date, the Claimant was not qualified for the position of police sergeant using the lawful, objective minimal qualifications in use by the State at that time.

### J.    Notice of Relief Award and Acceptance and Release

52.    No later than thirty (30) days after the Court determines, at or following the Fairness Hearing on Individual Relief, each Claimant's eligibility for relief under this Decree, the United States shall mail by certified U.S. mail, return receipt requested, a Notice of Award of Individual Relief as set forth in Attachment J to all Claimants determined by the Court to be entitled to individual relief, as stated in the Final Relief Awards List, at their current or last known address.  In accordance with Attachment J, notice shall include:

      a.    A statement of the amount of the back pay award for that Claimant as stated on the Final Relief Awards List;

      b.    An explanation of the time limit for acceptance of the back pay offer;

      c.    If the Claimant has been determined by the Court to be eligible for consideration for an offer of a priority promotion, a statement of the Claimant's eligibility for such consideration, and the retroactive seniority date the Claimant will receive if the Claimant ultimately passes the police sergeant exam developed under the terms of this Decree and is certified by the State and appointed by the local jurisdiction;

      d.    An Acceptance of Back Pay and Release of Claims or Acceptance of Back Pay and/or Consideration for Priority Promotion and Release of Claims form as described in the following Paragraph of this Decree; and

      e.    Any withholding forms that are necessary for the State to comply with its withholding obligations under law and Paragraph 31 of this Decree.

53.    No later than sixty (60) days after the Court approves the Final Relief Awards List, Claimants otherwise entitled to relief as indicated in the Final Relief Awards List must mail to the United States an executed copy of the Acceptance of Back Pay and Release of Claims or Acceptance of Back Pay and/or Consideration for Priority Promotion and Release of Claims

form set forth in Attachment J of this Decree as a condition for the receipt of a back pay award and/or priority promotion, along with any withholding forms if the Claimant is eligible for back pay.  The Acceptance of Back Pay and Release of Claims or Acceptance of Back Pay and/or Consideration for Priority Promotion and Release of Claims form and any withholding forms must be postmarked no later than sixty (60) days after the Court approves the Final Relief Awards List in order to be considered timely.  In the event that the United States receives an Acceptance of Back Pay and Release of Claims or Acceptance of Back Pay and/or Consideration for Priority Promotion and Release of Claims form where the postmark does not indicate a date of mailing, the United States will deem the date of mailing to be five (5) days prior to the date the form was received by the Department of Justice.  A Claimant's failure to return an executed Acceptance of Back Pay and Release of Claims or Acceptance of Back Pay and/or Consideration for Priority Promotion and Release of Claims form within the time allowed shall constitute a rejection of the offer of relief and shall release the Parties from any further obligation under this Decree to make an award of relief to that Claimant.

54.    No later than seventy-five (75) days after the Court approves the Final Relief Awards List, the United States shall forward to the State copies of all executed Acceptance of Back Pay and Release of Claims or Acceptance of Back Pay and/or Consideration for Priority Promotion and Release of Claims forms and withholding forms it received from Claimants listed in the Final Relief Awards List.

55.    If any Claimant listed on the Final Relief Awards List rejects an offer of back pay, the United States may reallocate the amount of back pay allocated to that Claimant to those other Claimants who timely returned all forms in a manner designed to allocate the total amount of back pay available in the Settlement Fund while preserving the relative proportions of the

21

Claimants' shares of the Settlement Fund as stated on the Final Relief Awards List.  No later than ninety (90) days after the Court approves the Final Relief Awards List, the United States shall either amend the Final Relief Awards List to reflect any such reallocation of back pay and to reflect any rejections of priority promotions and provide a copy of the Amended Final Relief Awards List to the State, or notify the State that no amendments are required.

56.     No later than thirty (30) days after the United States provides to the State the Amended Final Relief Awards List (or notifies the State that no amendments were required), the State or its designee shall mail via certified U.S. mail (return receipt requested) a back pay award check to each Claimant eligible for back pay, as listed on the Amended Final Relief Awards List (or the Final Relief Awards List if no amendments were required), in the amount stated for the Claimant on the relevant list, less all appropriate taxes and other amounts required to be withheld by law in accordance with Paragraph 31.

57.     No later than forty-five (45) days after the United States provides to the State the Amended Final Relief Awards List (or notifies the State that no amendments were required), the State shall provide to the United States proof of payment of each back pay award check mailed to a Claimant pursuant to the preceding Paragraph, along with a statement indicating the amounts withheld from each such check and the purpose of each withholding.

58.     No later than ninety (90) days after the United States provides to the State the Amended Final Relief Awards List (or notifies the State that no amendments were required), the State shall provide to the United States a list of all checks that have been returned to the State as undeliverable, as well as a statement of the amount of funds remaining in Settlement Funds I and II.  For all undelivered checks, if attempts to locate the Claimant prove unsuccessful, any amount remaining in Settlement Fund I or II after such attempts may be redistributed or allocated as

22

directed by the United States, in its sole discretion, in a manner consistent with the purposes of this Decree.

59.     No later than one hundred twenty (120) days after the United States provides to the State the Amended Final Relief Awards List (or notifies the State that no amendments were required), the State shall provide to the United States a list of all checks that appear to have been delivered (no returned check), but which have not been cashed.  The State shall mail a letter to such Claimants with uncashed checks to notify such Claimants that the award may be redistributed or otherwise allocated if the check is not cashed within sixty (60) days from the date of this letter.  The letter shall further state that no further warnings regarding such redistribution or allocation will be given.  If upon the expiration of the sixty (60) days there remain uncashed checks, the State will provide to the United States a list of all such outstanding checks as well as a statement of the amount of funds remaining in Settlement Funds I and II. Any amount remaining in the Settlement Funds after such time may be redistributed or allocated as directed by the United States, in its sole discretion, in a manner consistent with the purposes of this Decree.

### K.     **Priority Appointment Relief with Retroactive Seniority**

60.     The State shall certify Claimants eligible for priority promotion over all other eligible candidates until a minimum of, and no more than, 68 offers of priority promotions have been made to eligible Claimants who pass the new selection procedure for police sergeant as developed under this Decree.

61.     The 68 priority promotions shall be made to 48 African-American candidates and 20 Hispanic candidates, allocated to local jurisdictions as set forth in Attachment K to this Decree.  If the number of eligible Claimants who pass the new selection procedure exceeds the

number of priority promotions allocated to a particular local jurisdiction, eligible Claimants will be selected for priority promotions in accordance with the new selection procedure as developed under this Decree.  All priority promotions shall be made in accordance with the provisions of, and all Claimants seeking a priority promotion shall be subject to, N.J.A.C. 4A:4-4.1 through N.J.A.C. 4A:6-6.6; provided, however, that if a provision of the Decree conflicts with, or is otherwise inconsistent with, any provision of N.J.A.C. 4A:4-4.1 through N.J.A.C. 4A:6-6.6, the provisions of the Decree shall govern.  All Claimants seeking a priority promotion will be subject to the requirements of N.J.S.A. 4A:4-4 to 6.6.  No Claimant shall be eligible for promotion unless that Claimant has passed the police sergeant exam developed pursuant to this Decree.  The State may include in any test cycle any or all of the local jurisdictions listed in Attachment K, regardless of whether any promotion list for any such local jurisdiction has expired or remains in effect.

62.    In order for a Claimant to count as a priority promotion under this Decree, the Claimant must be eligible for a priority promotion as listed on the Final Relief Awards List (or the Amended Final Relief Awards List), must pass the police sergeant exam as developed under the provisions of this Decree and must be certified to a local jurisdiction by the State.  The State is considered to have satisfied a priority promotion obligation under this Decree only when the Claimant begins his/her first day of paid employment as a police sergeant in a local jurisdiction. If a Claimant was offered and declined a priority promotion or is determined to be ineligible for a priority promotion as set forth in Paragraph 51, the priority promotion slot shall be offered to another eligible Claimant.

63.    Nothing in this Decree shall preclude any Claimant from applying for promotion or being promoted into the position of police sergeant in a local jurisdiction under the State's

regular promotion process.  However, promotion of a Claimant under the State's regular promotion process shall not be counted toward fulfillment of the State's priority promotion obligations under this Decree nor shall it affect a Claimant's eligibility for back pay under this Decree.  The State also may not refuse to select a Claimant under its regular promotion process on the basis that the Claimant is eligible for a priority promotion or back pay under this Decree.

64.     The group of African-American or Hispanic Claimants eligible for priority promotions, as indicated on the Final Relief Awards List (or Amended Relief Awards List), shall be deemed exhausted only when each such Claimant:

    a.     Has been appointed as a police sergeant in a local jurisdiction as a priority promotion;

    b.     In writing, has rejected an offer of a priority promotion made by the State pursuant to this Decree;

    c.     Has accepted a priority promotion offer but, without good cause, failed to appear for his/her first day of employment as a police sergeant in a local jurisdiction;

    d.     Has failed the police sergeant exam developed pursuant to this Decree; or

    e.     Has been agreed by the Parties or determined by the Court to be currently unqualified for the position of police sergeant, using the lawful, objective appointment criteria (other than a residency or written exam requirement) in use by the State at that time.

65.     The State or its designee shall notify a Claimant of an offer of a priority promotion by certified U.S. mail (return receipt requested) with a written offer for the police sergeant position, prominently indicating:

    a.     That the offer is an offer of a priority promotion being made pursuant to this Decree;

    b.     That, at the completion of the Claimant's probationary or working test period, the Claimant will be entitled to retroactive seniority as of the

Claimant's presumptive appointment date as that term is defined in Paragraph 9 of this Decree;

c.     The beginning salary the Claimant will receive if the offer is accepted, as well as the salary the Claimant will receive after completion of the probationary or working test period;

d.     The telephone numbers at which the Claimant may contact the United States and the State with any questions regarding the offer of a priority promotion;

e.     That the Claimant has at least forty-five (45) days from the date on which the written offer of appointment was sent to notify the State that the Claimant accepts the offer;

f.     That the Claimant must provide written notice to both the State and local jurisdiction of the acceptance of an appointment. The written notice either must be received by both the State and the local jurisdiction no later than forty-five (45) days after the written offer was sent to the Claimant or, if the written notice is sent by mail, must be postmarked no later than fifty (50) days after the written notice was sent to the Claimant; and

g.     That the designation as a priority promotion pursuant to this Decree will remain confidential and will not be disclosed by the State or a local jurisdiction, provided, however, that the State may provide to a local jurisdiction any information reasonably necessary for such local jurisdiction to effectuate a priority promotion made in accordance with the terms of this Decree.

On the date on which such an offer of priority promotion is sent to a Claimant, the State shall send a copy of the offer to the United States.

66.     Upon completion of the new testing process and following all steps identified in Paragraphs 64 and 65 of this Decree, the State will issue a priority promotion list for each of the local jurisdictions identified in Attachment K. The State shall certify Claimants on the priority promotion lists over all other eligible candidates for each local jurisdiction identified in Attachment K for the next police sergeant positions until:

a.     The allocation of the priority promotions for such local jurisdiction as set forth in Attachment K has been satisfied; or

b.      The group of Claimants eligible for priority promotions for the police sergeant position, as indicated on the Final Relief Awards List (or the Amended Final Relief Awards List) is exhausted for such local jurisdiction pursuant to Paragraph 64 (*i.e.*, all have either been appointed, rejected an offer of priority promotion or are not currently qualified as agreed by the Parties or determined by the Court).

67.    At such time as a local jurisdiction has made all of the priority promotions allocated to that jurisdiction in Attachment K, or the group of eligible Claimants for that jurisdiction has been exhausted, the State and local jurisdictions may discontinue the use of the priority promotion list.  For local jurisdictions identified in Attachment K with existing special reemployment lists, the State shall certify Claimants eligible for priority promotions on at least a one to one ratio with candidates on existing special reemployment lists for the next police sergeant positions.  Certifications made from special reemployment lists pursuant to this Paragraph do not alter the State's priority promotion obligations set forth in preceding subparagraphs (a) and (b) or elsewhere in this Decree.

68.    At least sixty (60) days before any administration of the new police sergeant selection procedure developed under the Decree in a local jurisdiction containing any Claimants eligible to compete for a priority promotion under this Decree, the State shall notify the United States, in writing, indicating the name of each Claimant and for each such Claimant, the date of the exam administration and whether the Claimant has applied to take the written exam.

69.    Within fourteen (14) days after the State determines that a Claimant eligible to compete for a priority promotion has failed any aspect of the new selection procedure for police sergeant developed under the Decree, the State shall notify the United States in writing and at the same time, provide to the United States a copy of all documents and information that the State considered in determining that the Claimant has failed.

70.     Within fourteen (14) days after the State has made an offer of a priority promotion, the State shall notify the United States of the identity of the Claimant to whom an offer has been made.

71.     Within fourteen (14) days after the State receives from a Claimant a written rejection of an offer of a priority promotion made pursuant to this Decree, the State shall provide a copy of such written rejection to the United States.

72.     Within fourteen (14) days after a Claimant fails to appear for his/her first day of paid employment, or the State determines that any Claimant is not currently qualified for the position of police sergeant using the lawful, objective appointment criteria in use by the State or local jurisdiction at that time, the State shall:

      a.      so notify the United States in writing;

      b.      if applicable, provide a written statement of all reason(s) the State or local jurisdiction believes the Claimant is not qualified currently; and

      c.      if applicable, provide all information and documents (*e.g.*, criminal history records, exam scores) upon which the State or local jurisdiction based its determination.

73.     If the United States notifies the State that the United States wishes to interview or depose any official, agent or employee of the State involved in evaluating the qualifications of a Claimant determined by the State to be not currently qualified, the State shall make such person available for interview or deposition (at the United States' option) within fourteen (14) days.

74.     If the United States does not agree with the State's determination that a Claimant is not currently qualified for the position of police sergeant, the United States shall so notify the State within sixty (60) days after the date on which it receives the State's determination.

75.     If the Parties cannot resolve a dispute regarding whether a Claimant is currently qualified, either party may request that the Court resolve the dispute no later than thirty (30) days after the United States notifies the State of its disagreement pursuant to the preceding Paragraph. This Court shall retain jurisdiction of all disputes regarding any Claimant's current qualifications for purposes of the State's priority promotion obligations under this Decree.  In any proceedings regarding such a dispute, the State shall bear the burden of proving by a preponderance of the evidence that the Claimant is not currently qualified based upon the minimum qualifications applied by the State to all candidates for promotion to police sergeant.

76.     On the date on which a Claimant who was appointed as a priority promotion under this Decree completes the probationary or working test period, the State shall credit the Claimant with retroactive seniority that corresponds to the Claimant's presumptive appointment date as a police sergeant and as provided by this Decree.

## VII.   NEW EXAM DEVELOPMENT AND COMPLIANCE MONITORING

77.     In consultation with the United States, the State will develop and administer a new lawful selection procedure to select qualified candidates for promotion to the position of police sergeant in local jurisdictions.

78.     The exam described in the "Police Sergeant Test Validation Report 2011" (the "2011 Validation Report") will serve as the basis for the new police sergeant exam (the "police sergeant exam").

79.     For the first administration of the police sergeant exam immediately following execution of the Decree by the Parties:

            a.     The State will provide to the United States and the United States' expert(s) access to State personnel and to the State's expert(s) for the purposes of evaluating the police sergeant exam.

29

b.      The State will provide to the United States all evidence of job relatedness or validity of the police sergeant exam, including job analysis and test plans, as well as data underlying such analysis and test plans. The State will also provide the proposed announcement for the police sergeant exam, any proposed police sergeant orientation manual or study guide that contains information about the police sergeant exam, a proposed process for item development and review, and a proposal for the scoring and weighting of all components of the exam, the standardization of exam scores and the manner of use in the creation of eligible lists.

c.      Recognizing that the job-relatedness and validity of an exam can be evaluated fully only after an exam has been administered, the United States shall review the materials provided by the State and make recommendations aimed at reducing impact while maintaining validity or at increasing the likelihood of validity no later than sixty (60) days after the United States receives all of the materials described in Paragraph 79(b). If the United States does not submit any recommendations within sixty (60) days, the State may announce and subsequently administer the police sergeant exam without changes. The Parties may agree to an extension of this timeline.

d.      If the United States makes recommendations within the timeline set in Paragraph 79(c) or within a timeline otherwise agreed to by the Parties, the State will implement the recommendations, except the State may object to any recommendation that it believes is unnecessary.

e.      If the State and the United States are unable to resolve a dispute regarding the United States' recommendations, either party may move the Court for resolution. The Parties acknowledge, however, that a determination of the validity of the testing process under Title VII must include an evaluation of additional factors such as scoring, weighting and particular use of the test. The United States reserve its right to raise objections regarding the manner of use pursuant to subsection (j) of this Paragraph.

f.      Upon implementation of modifications to the police sergeant exam or its manner of use pursuant to Paragraphs 79(c) and (d) or upon order of the Court pursuant to Paragraph 79(e), the State may administer the police sergeant exam.

g.      After administration of the police sergeant exam, the State will provide to the United States and the United States' expert(s) the gender, race, national origin, answer keys, exam forms, exam scores and access to item-level data (*e.g.*, test question responses for each candidate). The State will also provide to the United States a proposal that the State believes

30

complies with Title VII regarding the scoring of all non-multiple choice components.

h.    The United States shall review the post-administration exam data and the States' proposed scoring of non-multiple choice components and make recommendations no later than thirty (30) days after the United States receives the materials described in Paragraph 79(g).  If the United States does not submit any recommendations within thirty (30) days, the State may score and use the police sergeant exam in accordance with its proposal.  The Parties may agree to an extension of this timeline.

i.    If the United States recommends changes to the police sergeant exam as to the scoring of non-multiple choice components of the exam within the timeline set in Paragraph 79(h) or within a timeline otherwise agreed to by the Parties, the State will implement the changes, except the State may object to any change that it believes is unnecessary.

j.    If the State and the United States are unable to resolve a dispute regarding a change to the police sergeant exam as to its scoring of non-multiple choice components, either party may move the Court for resolution.  Upon a motion by either party, the Court shall hold a hearing regarding the lawfulness of the proposed manner of use of the police sergeant exam. The Parties agree that the burdens of proof set forth in 42 U.S.C. § 2000e-2(k) shall apply to this hearing.  If the Court determines, following a hearing, that the proposed manner of use does not comply with Title VII, the State shall not use the police sergeant exam in that manner.  Following submissions by the Parties, the Court will then decide upon an alternative use of the exam, if any, that complies with Title VII.

k.    Upon completion of all scoring of the exam, as to both multiple choice and non-multiple choice components, the State will provide to the United States and the United States' expert(s) gender, race, national origin, exam scores on the multiple choice and non-multiple choice components of the exam, combined scores, seniority scores and final scores and ranks, and a proposal as to the passing score for the exam.

l.    The United States shall review the State's proposed passing score and make recommendations no later than 20 days after the United States receives the proposal as to the passing score for the exam.

m.    If the United States recommends changes to the passing score within the time set in Paragraph 79(l), the State will implement the changes, except the State may object to any change that it believes is unnecessary.

      n.      If the State and the United States are unable to resolve a dispute regarding the United States' recommendation as to the passing score, either party may move the Court for resolution.

      o.      Upon implementation of the recommendations pursuant to Paragraph 79(l) or upon order of the Court pursuant to Paragraph 79(n), the State may implement the passing score and use the police sergeant exam results in the creation of eligible lists.

80.      Prior to announcing the second administration of the police sergeant exam

following execution of the Decree:

      a.      The State will provide to the United States and the United States' expert(s) access to State personnel and to the State's expert(s) for the purposes of evaluating the police sergeant exam.

      b.      The State will provide the United States the proposed announcement for the police sergeant exam, and a proposal for the scoring and weighting of all components of the exam, the standardization of exam scores, the manner of use in the creation of eligible lists, including any proposed modifications to the exam, along with all evidence of job relatedness and validity to support such modifications.

      c.      No later than sixty (60) days after the State provides the notice, any proposed modifications and supporting materials described in Paragraph 80(b), the United States shall review any materials provided by the State, as well as the data and information from the prior exam administration, and make recommendations to the State aimed at alternative employment practices (*i.e.*, lessening the disparate impact caused by the exam, if any, while meeting the State's legitimate business needs).  If the United States does not submit any recommendations within sixty (60) days, the State may announce and subsequently administer the police sergeant exam without changes.  The Parties may agree to an extension of this timeline.

      d.      If the United States makes recommendations within the timeline set in Paragraph 80(c) or within a timeline otherwise agreed to by the Parties, the State will implement the recommendations, except the State may object to any recommendation that it believes is unnecessary.

      e.      If the State and the United States are unable to resolve a dispute regarding the United States' recommendations, either party may move the Court for resolution.

f.  Upon implementation of modifications to the police sergeant exam or its manner of use pursuant to Paragraph 80(c) and (d) or upon order of the Court pursuant to Paragraph 80(e), the State may administer the police sergeant exam.

g.  After administration of the police sergeant exam, the State will provide to the United States and the United States' expert(s) the gender, race, national origin, answer keys, exam forms, exam scores, and access to item-level data (*e.g.*, test question responses).  The State will also provide to the United States a proposal that the State believes complies with Title VII regarding the scoring of the non-multiple choice components of the exam.

h.  The United States shall review the post-administration exam data and the States' proposed scoring, weighting, and manner of non-multiple choice component of the exam and make recommendations as to the scoring of the non-multiple choice component of the exam no later than thirty (30) days after the United States receives the materials described in Paragraph 80(g).  If the United States does not submit any recommendations within thirty (30) days, the State may score and use the police sergeant exam in accordance with its proposal.  The Parties may agree to an extension of this timeline.

i.  If the United States makes recommendations as to the scoring of the non-multiple choice component of the exam, the State will implement the changes, except the State may object to any change that it believes is unnecessary.

j.  If the State and the United States are unable to resolve a dispute regarding a change to the scoring of the non-multiple choice component of the exam, either party may move the Court for resolution.  The Parties agree that the burdens of proof set forth in 42 U.S.C. § 2000e-2(k) shall apply to this hearing.  If the Court determines, following a hearing, that the proposed manner of use does not comply with Title VII, the State shall not use the police sergeant exam in that manner.  Following submissions by the Parties, the Court will then decide upon an alternative use of the exam, if any, that complies with Title VII.

k.  Upon completion of all scoring of the exam, the State will provide to the United States and the United States' expert(s) gender, race, national origin, exam scores on the multiple choice and non-multiple choice components of the exam, combined scores, seniority scores and final scores and ranks, and a proposal as to the passing score for the exam.

l.      The United States shall review the State's proposed passing score and make recommendations no later than twenty (20) days after the United States receives the proposal as to the passing score for the exam.

m.      If the United States recommends changes to the passing score within the time set in Paragraph 80(l), the State will implement the changes, except the State may object to any change that it believes is unnecessary.

n.      If the State and the United States are unable to resolve a dispute regarding the United States' recommendation as to the passing score, either party may move the Court for resolution.

o.      Upon implementation of the recommendations pursuant to Paragraph 80(m) or upon order of the Court pursuant to Paragraph 80(n), the State may implement the passing score and use the police sergeant exam results to issue promotion lists.

81.      Due to the importance of test security, along with concerns about the proprietary nature of test development materials, all correspondence and communications between and among the Parties and their test developers, consultants and/or experts in connection with the performance of the obligations set forth in Paragraphs 77 through 80 shall be held confidential and shall not be disclosed to any third party in the absence of a court order compelling such disclosure.

82.      Following the first two administrations of the police sergeant exam, for subsequent administrations, the State will have no obligation to provide to the United States evidence of job relatedness or validity of the police sergeant exam, including job analysis, test plans, and test content, or data underlying such analysis, test plans and content.  The State will also have no obligation to provide the United States and the United States' expert(s) access to State personnel and to the State's expert for the purposes of exploring possible changes to the police sergeant exam.  For the third and fourth subsequent administrations of the police sergeant exam after entry of the consent decree, however, the State will provide to the United States the

gender, race, national origin, exam scores, seniority scores and rank of each candidate and the eligible lists resulting from the administration of the police sergeant exam within fourteen days of creation of the eligible lists, and any certification data within fourteen days of creation of the certification.

83.     The State may in its discretion continue to provide data and information requested by the United States for additional administrations of the exam.

84.     After the first two administrations of the police sergeant exam, the State may administer the police sergeant exam without awaiting agreement from the United States.

## VIII.  RECORD KEEPING REQUIREMENTS

85.     While this Decree remains in effect, the State shall maintain all of the following records (including those created or maintained in electronic form):

   a.     all applications for police sergeant positions;

   b.     all documents relating to the screening, evaluation or selection of candidates for the position of police sergeant;

   c.     all documents relating to written or verbal complaints made by any person or organization regarding discrimination on the basis of race and/or national origin in the appointment of police sergeants;

   d.     all documents relating to the evaluation or selection of Claimants to be offered priority appointment and/or to the employment of Claimants appointed as priority appointments under this Decree; and

   e.     all other documents relating to the State's compliance with the requirements of this Decree, including but not limited to documents relating to the payment or award of individual relief to any Claimant under this Decree.

86.     Except as otherwise provided in this Decree, the State will make available to the

United States, no later than thirty (30) days after the United States so requests in writing, any records maintained in accordance with the preceding Paragraph of this Decree and any additional documents relating to any dispute arising under the Decree.

87.     When possible, all records furnished to the United States shall be provided in a computer-readable format to be agreed upon by the Parties prior to production.

88.     Within thirty (30) days after the United States so requests in writing, the State shall make available for interview or deposition (at the United States' option) any agent, employee or official of the State who the United States reasonably believes has knowledge of information necessary to verify the State's compliance with the terms of this Decree or to resolve a dispute arising under this Decree.

## IX.   DURATION OF CONSENT DECREE

89.     Unless otherwise ordered by this Court, and absent the pendency of any motion related to this Decree, this Decree shall expire without further order of the Court on the latest of the following dates:

      a.    Three years from the date of the entry of the Decree;

      b.    Upon fulfillment of the Parties' obligations regarding the individual relief to be awarded under this Decree; or

      c.    Upon the State's administration of the second police sergeant exam contemplated by Section VII or Paragraph 80(n) of this Decree and after the time for the United States to make recommendations regarding the content or manner of use of the police sergeant exam in accordance with Paragraph 80(m) or after the time for a hearing contemplated by Paragraph 80(n) has expired.

90.     Either party may move the Court to extend the duration of the Decree only upon a showing of good cause.

## X.      COSTS AND FEES

91.     Each party shall bear its own costs and expenses incurred as a result of obligations imposed by this Decree, including the cost of all notification and publication procedures.

92.     Each party shall bear its own costs, expenses, and attorneys' fees incurred in this litigation.

## XI.     MISCELLANEOUS

93.     The Court shall retain jurisdiction over this Decree for the purpose of resolving any disputes or entering any orders that may be appropriate to implement the Decree, including joining any parties whose joinder is necessary to accord complete relief under this Decree.

94.     By mutual agreement, the Parties may change the terms of this Decree, provided that such mutual agreement is memorialized in writing, signed by the Parties and approved by the Court.

95.     This Decree constitutes the entire agreement of the Parties, and supersedes all prior agreements, representations, negotiations and undertakings not set forth or incorporated herein.

96.     Except as otherwise provided in this Decree, all written information and documents required to be delivered under this Decree to the United States by the State shall be sent via overnight delivery to the following address:

> New Jersey Settlement Team
> Employment Litigation Section
> U.S. Department of Justice
> Civil Rights Division
> PHB, Room 4710
> 601 D Street NW
> Washington, DC  20004

97. Any documents required to be delivered under this Decree by the United States to

the State shall be sent to:

> Department of Law and Public Safety,
> Division of Law
> Richard J. Hughes Justice Complex
> Post Office Box 112
> Trenton, New Jersey 08625-0112

It is so **ORDERED**, this 22nd  day of  November, 2011

> /s/ Katharine S. Hayden
> UNITED STATES DISTRICT JUDGE

THOMAS E. PEREZ
Assistant Attorney General
LORETTA KING
Deputy Assistant Attorney General

By:_s/ Delora Kennebrew_____
DELORA KENNEBREW
Chief

s/ Esther G. Lander_____
ESTHER G. LANDER
Deputy Chief

s/ Varda Hussain_____
s/  Hilary J. Funk_____
VARDA HUSSAIN
HILARY J. FUNK
TREVOR S. BLAKE II
Trial Attorneys
United States Department of Justice
Civil Rights Division
Employment Litigation Section
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
Telephone: (202) 305-4267

Counsel for Plaintiff United States

KEVIN JESPERSEN
Assistant Attorney General
LISA D. RUCH
Deputy Attorney General

By: s/ Lisa D. Ruch_____
LISA D. RUCH
Department of Law and Public Safety,
Division of Law
Richard J. Hughes Justice Complex
Post Office Box 112
Trenton, New Jersey 08625-0112
Telephone: (609) 292-8866

Counsel for Defendants State of New Jersey
and New Jersey Civil Service Commission

39