Joseph S. Murphy, Esq.
48 Ringwood Avenue
Ringwood, NJ 07456
973-962-9449

United States District Court for the District of New Jersey, Newark Vicinage
_____

| | |
|---|---|
| UNITED STATES, | ) |
|           Plaintiff | ) |
| | )Civil Action: No: 2:10-cv-00091-KSH- |
| | ) MAS |
|     v. | ) |
| | ) |
| STATE OF NEW JERSEY | )    **INTERVENORS/DEFENDANTS** |
| AND CIVIL SERVICE COMMISSION, | )    **PROPOSED ANSWER AND** |
|         Defendants. | )    **COUNTERCLAIM** |
| | ) |
|     and | ) |
| | ) |
| ABDELMONIM HAMDEH, ERIC M. COLONDRES, | ) |
| LOUIS PACELLI, RICHARD BOTBYL, GERARD | ) |
| ERIT, RYAN CURVING, RAYMOND CUSACK, | ) |
| TIMOTHY TABOR, ANTHONY J. DIGIGLIO, | ) |
| SEAN C. REED, ANTONIO PISTONE, DEAN | ) |
| BARONE, DANIEL E. CONDON, BRIAN | ) |
| GILLIGAN, JACK K. DeSALVO, SALEH JUDAH, | ) |
| BRIAN MORGAN, EDGAR TAYLOR, ELADIO | ) |
| LUGO, RICHARD LATRECCHIA, PAUL | ) |
| MICCINILLI, RYAN DUFFY, EZA LAYPAN, | ) |
| GARY DESTAFANO, WILLIAM NIEBANK, | ) |
| DAVID TANIS, FRANCISCO BRITO, | ) |
|         Defendants/Intervenors | ) |

_____

Defendants/Intervenors, Abdelmonim Hamdeh, et al

(hereinafter "Intervenors") by way of Answer and Counterclaim to

the Complaint, hereby state as follows:

1. The Intervenors make no response to the allegations

contained in paragraph 1 of the Complaint, as those allegations

are not asserted against the Intervenors.

2. The Intervenors make no response to the statements contained in paragraph 2 of the Complaint, as those statements are not directed against Intervenors, and constitute legal conclusions.  The Intervenors leave the determination of the accuracy of those legal conclusions to the court.

3. On information and belief, Intervenors deny the allegations contained in paragraph 3 of the Complaint.

4. The Intervenors deny the allegations contained in paragraph 4 of the Complaint.

5. The Intervenors admit the allegations contained in the first sentence of paragraph 5 of the Complaint, but make no response to the statements contained in the second sentence of paragraph 5 of the Complaint, as those statements are not directed against Intervenors.

6. The Intervenors deny the allegations contained in paragraph 6 of the Complaint, as there are other entities involved in establishing procedures.

7. The Intervenors deny the allegations contained in paragraph 7 of the Complaint.

8. The Intervenors admit the allegations contained in the first sentence of paragraph 8 of the Complaint.  The Intervenors deny the allegations contained in the second sentence of paragraph 8 of the Complaint, except state that these procedures

may be utilized by local jurisdictions in New Jersey that participate in the New Jersey Civil Service system.

9. The Intervenors admit the allegations contained in paragraph 9 of the Complaint, except state that the examination is not the sole selection device for promotion to the rank of Police Sergeant.

10. The Intervenors deny the allegations contained in paragraph 10 of the Complaint, as there are circumstances under which officers can be promoted to Sergeant without taking or passing the written exam administered by the New Jersey Civil Service Commission.

11. The Intervenors admit the allegations contained in paragraph 11 of the Complaint.

12. The Intervenors deny the allegations of the first and second sentence contained in paragraph 12 of the Complaint. With regard to the third, fourth and fifth sentences of paragraph 12, the Intervenors make no response except to state that the Civil Service certification process is governed by Article VII, Sec. 1, Para. 2 of the New Jersey State Consitution (1947), which states,

> Appointments and promotions in the civil service of the State , and of such political subdivisions as may be provided by law, shall be made according to merit and fitness to be ascertained, as far as practicable, by examination, which as far as practicable, shall be competitive;

3

> except that preference in appointments by reason of active service in any branch of the military or naval forces of the United States in time of war may be provided by law.

And by N.J.S.A. 11A-4-8, and other statutes, all of which speak for themselves.

13. The Intervenors admit the allegations contained in paragraph 13 of the Complaint.

14. The Intervenors deny knowledge or information sufficient to form a belief regarding the truth of the allegations contained in the first sentence of paragraph 14 of the Complaint. The Intervenors deny the second sentence of paragraph 14 of the Complaint.

15. The Intervenors deny the allegations contained in paragraph 15 of the Complaint.

16. The Intervenors deny knowledge or information sufficient to form a belief regarding the truth of the allegations contained in the first sentence of paragraph 16 of the Complaint. As for the second sentence of paragraph 16 of the Complaint, Intervenors deny that the pass rate, even if true, is statistically significant as it is within the "four-fifths" standard used by the Equal Employment Opportunity Commission.

17. The Intervenors deny the allegations contained in paragraph 17 of the Complaint.

18. The Intervenors deny knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 18 of the Complaint, except admit that NJCSC ranks candidates for promotion to Police Sergeant on eligibility lists based upon candidates' combined written examination scores and seniority credits and certifies candidates in descending rank order from the eligibility lists.

19. The Intervenors deny knowledge or information sufficient to form a belief regarding the truth of the allegations contained in the first sentence of paragraph 19 of the Complaint, and therefore deny the same.  The Intervenors deny the allegations contained in the second sentence of paragraph 19 of the Complaint, that the mean written exam score was significantly lower.

20. The Intervenors deny knowledge or information sufficient to form a belief regarding the truth of the allegations contained in the first sentence of paragraph 20 of the Complaint, and therefore deny the same.  The Intervenors deny the allegations contained in the second sentence of paragraph 20 of the Complaint.

21. The Intervenors deny knowledge or information sufficient to form a belief regarding the truth of the allegations contained in the first sentence of paragraph 21 of the Complaint, and therefore deny the same.  The Intervenors

deny the allegations contained in the second sentence of paragraph 21 of the Complaint.

22. The Intervenors deny knowledge or information sufficient to form a belief regarding the truth of the allegations contained in the first sentence of paragraph 22 of the Complaint, and therefore deny the same.  The Intervenors deny the allegations contained in the second sentence of paragraph 22 of the Complaint.

23. The Intervenors deny knowledge or information sufficient to form a belief regarding the truth of the allegations contained in paragraph 23 of the Complaint, and therefore deny the same.

24. The Intervenors deny the allegations contained in paragraph 24 of the Complaint.

25. The Intervenors deny the allegations contained in paragraph 25 of the Complaint.

26. The Intervenors deny the allegations contained in paragraph 26 of the Complaint.

27. The Intervenors deny the allegations contained in paragraph 27 of the Complaint.

28. The Intervenors deny the allegations contained in paragraph 28 of the Complaint.

29. The Intervenors deny the allegations contained in paragraph 29 of the Complaint, as those statements are not

directed against Intervenors and constitute legal conclusions and the Intervenors leave the determination of the accuracy of those legal conclusions to the court.

### AFFIRMATIVE DEFENSES

#### FIRST SEPARATE DEFENSE

The Complaint fails to set forth a cause of action upon which relief can be granted.

#### SECOND SEPARAE DEFENSE

The Court lacks jurisdiction over this matter.

#### THIRD SEPARATE DEFENSE

Damages, if any, sustained by the plaintiffs were the result of the actions of persons and/or entities over whom the Intervenors had no control.

#### FOURTH SEPARATE DEFENSE

Plaintiff lacks standing to maintain this action against Intervenors.

#### FIFTH SEPARATE DEFENSE

Neither the State, nor NJCSC, nor Intervenors are "employers" under Title VII for the purposes of this matter, and therefore the court has no jurisdiction over this Title VII action.

#### SIXTH SEPARATE DEFENSE

The Police Sergeant examination at issue in this matter is job related and consistent with business necessity.

### SEVENTH SEPARATE DEFENSE

There is no statistically significant difference between candidates of different races or ethnicities, either on the basis of pass/fail or appointment rates.

### EIGHTH SEPARATE DEFENSE

The Police Sergeant examination does not have disparate impact upon candidates of different races or ethnicities.

### NINTH SEPARATE DEFENSE

There is no alternate Police Sergeant examination that is less discriminatory upon candidates of different races or ethnicities.

### TENTH SEPARATE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### ELEVENTH SEPARATE DEFENSE

Plaintiff's claims are barred by its failure to join necessary, indispensable parties.

### RESERVATION OF RIGHTS

The Intervenors reserve the right to move, at or before trial, to dismiss the Complaint, or for summary judgment, on the grounds that the Complaint fails to state a claim upon which relief can be granted or that the Intervenors are entitled to judgment as a matter of law, based on any or all of the above defenses.

WHEREFORE, Intervenors Abdelmonim Hamdeh, et al, demand that judgment be entered in their favor and against plaintiff, dismissing the Complaint with prejudice and awarding costs and attorney's fees to Intervenors and such other relief as the Court may deem just.

## COUNTERCLAIMS

Comes now the Defendants/Intervenors (hereinafter "Intervenors"), as their counterclaims hereby state.

1. This counterclaim is brought pursuant to *42 U.S.C. § 1983* and the Fourteenth Amendment of the United States Constitution as well as N.J.S.A. § 11A:1-2 (a)-(e) and Art. VII, Sec. I, Para. 2 of the New Jersey State Constitution.

2. Jurisdiction is founded on *28 U.S.C. §§ 1331,* federal question jurisdiction and *1343(3)* and the aforementioned statutory and Constitutional provisions.

3. This court may exercise jurisdiction over the state law claims under the principles of supplemental jurisdiction as codified in *28 U.S.C. § 1367.*

4. All of the claims alleged herein arose within the jurisdiction of the United States District Court for the District of New Jersey and involve Intervenors who reside and work within this court's jurisdiction, and therefore, this forum

is the proper venue for the action pursuant to *28 U.S.C. §
1391*(b) and § 1391(c).

## PARTIES

5. Intervenor, Eric M. Colondres, is an adult citizen of the
United States, a resident of New Jersey, and is employed as a
Police Officer by the City of Paterson, New Jersey.

6. Intervenor, Louis Pacelli[1], is an adult citizen of the United
States, a resident of New Jersey, and is employed as a Police
Officer by the City of Paterson, New Jersey.

7.   Intervenor, Abdelmonim Hamdeh, is an adult citizen of the
United States, a resident of New Jersey, and is employed as a
Police Officer by the City of Paterson, New Jersey.

8.   Intervenor, Richard Botbyl[2], is an adult citizen of the
United States, a resident of New Jersey, and is employed as a
Police Officer by the City of Paterson, New Jersey.

9.   Intervenor, Ryan Curving, is an adult citizen of the United
States, a resident of New Jersey, and is employed as a Police
Officer by the City of Paterson, New Jersey.

---

[1] Officer Pacelli had previously been promoted to Sergeant, then
demoted thus would be impacted for re-promotion from any special
reemployment lists in Paterson per the remedies outlined in
paragraph 67 of the "Decree" (**See, First Amended Decree,
previously entered by this court, November 22, 2011).**
[2] Officer Botbyl had previously been promoted to Sergeant, then
demoted thus would be impacted per FN1, above.

10. Intervenor, Gerard Erit, is an adult citizen of the United States, a resident of New Jersey, and is employed as a Police Officer by the City of Paterson, New Jersey.

11. Intervenor, Raymond Cusack, is an adult citizen of the United States, a resident of New Jersey, and is employed as a Police Officer by the City of Paterson, New Jersey.

12. Intervenor, Timothy Tabor, is an adult citizen of the United States, a resident of New Jersey, and is employed as a Police Officer by the City of Paterson, New Jersey.

13. Intervenor, Anthony J. Degiglio, Sr., is an adult citizen of the United States, a resident of New Jersey, and is employed as a Police Officer by the City of Paterson, New Jersey.

14. Intervenor, Sean C. Reed, is an adult citizen of the United States, a resident of New Jersey, and is employed as a Police Officer by the City of Paterson, New Jersey.

15. Intervenor, Antonio Pistone, is an adult citizen of the United States, a resident of New Jersey, and is employed as a Police Officer by the City of Paterson, New Jersey.

16. Intervenor, Dean Barone[3], is an adult citizen of the United States, a resident of New Jersey, and is employed as a Police Officer by the City of Paterson, New Jersey.

---

[3] Officer Barone had previously been promoted to Sergeant, then demoted thus would be impacted per FN1, above.

17.   Intervenor, Daniel Condon, is an adult citizen of the United States, a resident of New Jersey, and is employed as a Police Officer by the City of Paterson, New Jersey.

18.   Intervenor, Brian Gilligan, is an adult citizen of the United States, a resident of New Jersey, and is employed as a Police Officer by the City of Paterson, New Jersey.

19.   Intervenor, Jack. K. DeSalvo, is an adult citizen of the United States, a resident of New Jersey, and is employed as a Police Officer by the City of Paterson, New Jersey.

20.   Intervenor, Saleh Judeh, is an adult citizen of the United States, a resident of New Jersey, and is employed as a Police Officer by the City of Paterson, New Jersey.

21.   Intervenor, Brian Morgan[4], is an adult citizen of the United States, a resident of New Jersey, and is employed as a Police Officer by the City of Paterson, New Jersey.

22.   Intervenor, Edgar Taylor, is an adult citizen of the United States, a resident of New Jersey, and is employed as a Police Officer by the City of Paterson, New Jersey.

23.   Intervenor, Eladio Lugo, is an adult citizen of the United States, a resident of New Jersey, and is employed as a Police Officer by the City of Paterson, New Jersey.

---

[4] Officer Morgan had previously been promoted to Sergeant, then demoted thus would be impacted per FN1, above.

12

24.   Intervenor, Rick Latrecchia[5], is an adult citizen of the United States, a resident of New Jersey, and is employed as a Police Officer by the City of Paterson, New Jersey.

25.   Intervenor, Paul Miccinilli, is an adult citizen of the United States, a resident of New Jersey, and is employed as a Police Officer by the City of Paterson, New Jersey.

26.   Intervenor, Ryan Duffy, is an adult citizen of the United States, a resident of New Jersey, and is employed as a Police Officer by the City of Paterson, New Jersey.

27. Intervenor, Eza Laypan, is an adult citizen of the United States, a resident of New Jersey, and is employed as a Police Officer by the City of Paterson, New Jersey.

28. Intervenor, Gary Destefano, is an adult citizen of the United States, a resident of New Jersey, and is employed as a Police Officer by the City of Paterson, New Jersey.

29. Intervenor, William Niebank, is an adult citizen of the United States, a resident of New Jersey, and is employed as a Police Officer by the City of Paterson, New Jersey.

30. Intervenor, David G. Tanis, is an adult citizen of the United States, a resident of New Jersey, and is employed as a Police Officer by the City of Paterson, New Jersey.

---

[5] Officer Latrecchi had previously been promoted to Sergeant, then demoted thus would be impacted per FN1, above.

31.   Intervenor, Francisco A. Brito, is an adult citizen of the United States, a resident of New Jersey, and is employed as a Police Officer by the City of Paterson, New Jersey.

32.   Plaintiff, United States of America (hereinafter "U.S."), was established as an independent nation on or around July 4, 1776 and who's laws are governed by a federal constitution and supporting administrative code.

33.   Defendant, State of New Jersey (hereinafter "New Jersey,", was an original colony of the United States, establishing laws under its own constitution on July 2, 1776, ratifying the United States Constitution on December 18, 1787, and the Bill of Rights on November 20, 1789. New Jersey currently promulgates laws under the revised state Constitution of 1947.

34.   Defendant, New Jersey Civil Service Commission (hereinafter "Commission") is an agency or political subdivision of the State of New Jersey with its principal place of business in Trenton, New Jersey.

## COUNTERCLAIM I

**INTERVENORS INTERVENE AS OF RIGHT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE § 24(a) AND ARE ADVERSELY AFFECTED BY THE CONSENT DECREE AND THEIR INTERESTS ARE NOT ADEQUATELY REPRESENTED BY EITHER PARTY.**

Intervenors hereby incorporate paragraphs 1 through 34 as though fully set forth herein.

35. Pursuant to § 24(a) of the Federal Rules of Civil Procedure and R. 4:33-1 of the New Jersey Court Rules, Intervenors seek to intervene as of right in the above titled action, requesting Declarative and Injunctive Relief against Plaintiff and Defendants who have discriminated against and harmed Intervenors by entering into a Consent Decree ("Decree"). Intervenors, citizens of the State of New Jersey and Paterson, New Jersey police officers, have each passed an exam for Police Sergeant and who's place on a currently active promotions list has been canceled because of the Decree, herein claim violations of their State and Federal rights and whereby each Intervenor seeks to protect their place on the current promotions list for Police Sergeant and enjoin Plaintiffs and Defendants from improperly bypassing them for promotion as a result of the remedies dictated by the Decree.

36.  At all times relevant herein, Intervenors are officers of the Paterson, New Jersey Police Department ("Department") who have taken the exam for Police Sergeant, according to rules established by the Commission and according to statute and administrative laws established by the State of New Jersey. Under the New Jersey Constitution, "appointments and promotions in the civil service of the State, and of such political subdivisions as may be provided by law, shall be made according to merit and fitness to be ascertained, as far as practicable,

by examination, which, as far as practicable, shall be competitive." *N.J. Const.* Art. VII, § 1, ¶ 2.

37.  On information and belief, each of Intervenors took the exam for Police Sergeant in the City of Paterson, New Jersey, in, or about, October of 2009, and each received a passing score when the promotion list (PM2718L) was promulgated on or about June 3, 2010.

38.  According to New Jersey Statute, this exam is active for a minimum of three years – extending, on information and belief, until, at least, June 2, 2013.

39.  On August 1, 2011, the U.S. and New Jersey and the Commission submitted a provisional consent decree in the United States District Court of New Jersey (Newark Vicinage) stipulating to certain factual claims and allegations concerning New Jersey's alleged past discrimination in its testing procedures and further wrongfully stipulating that these procedures resulted in a disparate impact against African American and Hispanic police officers who had taken the exam for sergeant between the years 2000 and 2008.

40.  On August 24, 2011, before the Court signed any order, and because of said provisional decree, the Commission issued a directive to all Appointing Authorities requiring the posting of announcements for a new police sergeant promotional exam no later than September 1, 2011.

41.  On August 25, 2011, the City of Paterson, by way of its Division of Personnel, sent a memo to the Director of its Police and Fire Departments, alerting him of the notification from the State and Civil Service Commission and directing him to post a notice of examination for promotion to Sergeant on September 1, 2011.

42.  On September 15, 2011, the Honorable Magistrate Michael A. Shipp, of the United States District Court for the State of New Jersey (Newark Vicinage) signed the provisional Decree.

43. Subsequently, on October 20, 2011, the U.S., the State and the Commission jointly submitted a revised and amended Decree, which was signed by the Honorable Katherine S. Hayden on November 2, 2011.

44.  Intervenors, individually, received notice that their current, active, promotions list was being cancelled.  Their notice varied as to time, ranging from late August to late October of 2011.

45.  No notice of this Federal action itself (Docket No. Civil Action No: 2:10-cv-00091-KSH-MAS), or the submission of the proposed Decree was given, nor was notice given that the Decree was amended and resubmitted, nor was notice given that the subsequent order was signed by the Court.

46.   Intervenors had each scored at least 80% on the promotional exam for Police Sergeant, and ranged in rank from 1st with a score of .94900 to 89th with a score of .80710.

47.   Intervenors each, save for one, report having taken an established exam preparation course and attribute these study courses to their high scores. (**See**, **Exhibit "3", Certifications of Intervenors**).

48.   Of the 26 Intervenors, 15 report having taken the test more than once, 13 of whom reported improving their score after taking a test preparation course.

49   Intervenors are all qualified, according to the Civil Service Commission, to sit for the Sergeant exam. Each has lost, or is likely to lose an opportunity for promotion because of the Decree.

50.   Promotional opportunities are unpredictable owing to budgetary, political and personnel needs and Intervenors have been police officers in Paterson, New Jersey from 7 to 22 years. Plaintiff and Defendants' Decree will harm Intervenors as each has lost, or will likely lose an opportunity for promotion due the remedies contained within the provisional Decree and Plaintiff and Defendants cannot guarantee Intervenors will be reachable for promotion on any future promotional list.

51.   Plaintiff, U.S., and as stipulated to by Defendants, New Jersey and the Commission, through their expert, Dr. Bernard

Siskin, provide faulty statistical evidence that any disparate impact resulting from the Civil Service exam for police sergeant is a result of racial bias.

52.  Plaintiff's expert declaration, by way of Dr. Bernard Siskin, fails to account for variables effecting final test scores, such as the use of test preparation study courses.

53.  Plaintiff alleges erroneously, and Defendants New Jersey and the Commission falsely stipulate, through Plaintiff's alleged expert, Dr. David Jones, that the questions making up the sergeant exam are not job related and therefore test results are invalid.

54.  On information and belief, Dr. David Jones is not qualified to opine on the job-relatedness of the New Jersey Police Sergeant's exam.

55. The U.S. and New Jersey and the Commission have entered into this Decree to settle an alleged adversarial litigation, namely the action titled, United States v State of New Jersey and New Jersey Civil Service Commission, Civil Action: No: 2:10-cv-00091-KSH-MAS (United States District Court for the District of New Jersey).

56.  In fact, there was no true adversarial relationship as demonstrated, in part, by Plaintiff and Defendants' joint agreement to use Dr. Siskin and Dr. Jones as the only experts.

57.  This amounts to a conspiracy to use the Courts to enact laws and procedures that the U.S. would otherwise be unable enforce.

58. The New Jersey Attorneys General has also willfully failed to support the New Jersey State Constitution specifically provides for Civil Service promotions by meritorious and fair competitive examination.

59.  Plaintiff and Defendants have been able to do this by seeking to usurp the influence of the citizens of New Jersey and the discretion of this Court by sealing almost anything they choose from public scrutiny.

60.  Subsequently, the District Court has "rubber stamped" these agreements thus submitting to the will of the Attorneys Generals, which is a blight on this Court and the process of justice, and an affront to the adversary system.

61.  Plaintiff's expert declarations, by way of Dr. Bernard Siskin and Dr. David Jones, is faulty and does not claim that the format, questions, administration, or scoring of the exam for Sergeant are racially or culturally biased.

62.  Plaintiff and Defendants remedies to alleged discrimination will harm Intervenors by implementing a scheme that will violate Article VII, Section 1, Para. 2 of the New Jersey State Constitution (1947), which states,

>Appointments and promotions in the civil
>service of the State, and of such political
>subdivisions as may be provided by law,
>shall be made according to merit and
>fitness to be ascertained, as far as
>practicable, by examination, which as far
>as practicable, shall be competitive;
>except that preference in appointments by
>reason of active service in any branch of
>the military or naval forces of the United
>States in time of war may be provided by
>law.

and illegally bypass or delay likely promotions to Sergeant due to mandated priority promotions for other candidates who previously failed or scored lower than Intervenors on past promotional exams.

63.  Plaintiff and Defendants' remedies to alleged discrimination will harm Intervenors by implementing a scheme, violating the New Jersey Constitution, that will improperly bypass or delay likely promotions to Sergeant due to mandated priority promotions for promotion of other candidates who score lower than Intervenors on any future promotional exams.

64.  Intervenors have been harmed and their federal constitutional and state constitutional rights violated where the U.S. statistical expert, Dr. Bernard Siskin, failed to account for confounding variables (including, but not limited to, taking a test preparation study course) when he falsely declared the existing New Jersey Police Sergeant's exam has a disparate impact on African American and Hispanic test takers.

65.   Intervenors have been harmed and their federal and state constitutional rights have been violated where the Decree has caused their existing promotional exam scores to be canceled without due process under the 14th Amendment of the U.S. Constitution as applied to the States, Article I, Section 1 of the New Jersey State Constitution, and Article VII, Section 1, Paragraph 2, the "Merit and Fitness" clause, of the New Jersey State Constitution.

66. There has yet to be an Initial Fairness Hearing to determine if the terms of the Decree are, in fact, fair, reasonable, equitable and otherwise consistent with federal law. However, the Fairness Hearing cannot correct this because such a fairness hearing cannot be fair, reasonable and equitable if Intervenors are not permitted to present other experts who should have the opportunity to see the same documents Dr. Siskin and Dr. Jones had before them.

67. This Consent Decree is also unconstitutional because if interferes with the sovereignty of the State of New Jersey and allows the federal government to control who gets promoted now and in the future.

     WHEREFORE, as their first cause of action, Intervenors hereby demand relief against Plaintiff and Defendants, and each of them jointly and severally, as follows:

## COUNTER CLAIM II

**VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE 14th AMENDMENT OF THE UNITED STATES CONSTITUTION**

Intervenors hereby incorporate paragraphs 1 through 67 as though fully set forth herein.

68.   Plaintiff and Defendants collectively have discriminated against Intervenors by depriving them of employment opportunities due to remedies and preferences implemented under the Decree based on race and national origin.

69.   Plaintiff and Defendants, collectively, discriminated against Intervenors by calling for and consenting to the cancellation of the active promotions list in Paterson, New Jersey whereas they did not call for cancellation of every active promotion list, thus singling out Paterson police and these Intervenors.

70.   Plaintiff and Defendants, collectively, have discriminated against Intervenors by calling for priority promotions of other candidates and bypassing Intervenors on any future promotion list giving priority to other candidates because of their race or national original and without regard to actual performance on a future exam, which also violates Article VII, Section 1, Paragraph 2 of the New Jersey State Constitution.

WHEREFORE, as their second cause of action, Intervenors hereby demand relief against Plaintiff and Defendants, and each of them jointly and severally, as follows:

a.   Enter an ORDER granting Intervenors' right to intervene in this matter.

b.   Enter an ORDER for injunctive relief enjoining Plaintiff and Defendants' from enacting the Decree.

c.   Enter an ORDER to reinstate the currently active Sergeant promotion list in Paterson, New Jersey.

d.   Enter an ORDER allowing Intervenors to conduct discovery of all relevant materials, reports, files, depositions, and analyses in order to verify methodological and statistical conclusions reached by Plaintiff's experts.

e.   Any other relief the Court deems appropriate.

## COUNTER CLAIM III

**VIOLATION OF DUE PROCESS UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION**

Intervenors hereby incorporate paragraphs 1 through 70 as though fully set forth herein.

71.  Plaintiff and Defendants violated Intervenors right to Due Process by consenting to this Decree without opportunities for discovery to be reviewed by independent experts, or without access to testimony given by unknown parties and on which Plaintiff and Defendants relied.

72.   Plaintiff and Defendants violated Intervenors' rights to Due Process by cancelling their active and valid test scores in order to administer a new Sergeant's exam before the Court has had the opportunity to hear objections and before the Decree has been entered as final.

WHEREFORE, as their third cause of action, Intervenors hereby demand relief against Plaintiff and Defendants, and each of them jointly and severally, as follows:

a.   Enter an ORDER granting Intervenor's right to intervene in this matter.

b.   Enter an ORDER for injunctive relief enjoining Plaintiff and Defendants' from enacting the Decree.

c.   Enter an ORDER to reinstate the currently active Sergeant promotion list in Paterson, New Jersey.

d.   Enter an ORDER allowing Intervenors to conduct discovery of all relevant materials, reports, files, depositions, and analyses in order to verify methodological and statistical conclusions reached by Plaintiff's experts.

e.   Any other relief the Court deems appropriate.

**COUNTER CLAIM IV**

**VIOLATION OF ARTICLE VII, §. I, ¶. 2 OF THE NEW JERSEY STATE CONSTITUTION**

Intervenors hereby incorporate paragraphs 1 through 72 as though fully set forth herein.

73.  It is the policy of the State of New Jersey that "[a]ppointments and promotions in the civil service of the State, and of such political subdivisions as may be provided by law, shall be made according to merit and fitness to be ascertained, as far as practicable, by examination, which, as far as practicable, shall be competitive."

74.  Plaintiff and Defendants have violated Intervenors' rights under Art. VII, Sec. 1, Para. 2 of the New Jersey Constitution by consenting to the Decree as they seek to bypass Intervenors for possible promotions to Sergeant in favor of other candidates for reasons other than for merit and fitness.

75.  Plaintiff and Defendants have violated Intervenors' rights under Art. VII, Sec. 1, Para. 2 of the New Jersey Constitution by consenting to the Decree mandating the promotion of officer candidates who have scored lower than Intervenors on prior exams, and who might score lower than them on any future exam.

    WHEREFORE, as their fourth cause of action, Intervenors hereby demand relief against Plaintiff and Defendants, and each of them jointly and severally, as follows

a.  Enter an ORDER granting Intervenor's right to intervene in this matter.

b.  Enter an ORDER for injunctive relief enjoining Plaintiff and Defendants' from enacting the Decree.

c.    Enter an ORDER to reinstate the currently active Sergeant promotion list in Paterson, New Jersey.

d.    Enter an ORDER allowing Intervenors to conduct discovery of all relevant materials, reports, files, depositions, and analyses in order to verify methodological and statistical conclusions reached by Plaintiff's experts.

e.    Any other relief the Court deems appropriate.

**COUNTER CLAIM V**

**VIOLATION OF 42 U.S.C. § 2000e-2(j)**

Intervenors hereby incorporate paragraphs 1 through 75 as though fully set forth herein.

76.   Plaintiff and Defendants violated the provisions of 42 U.S.C. § 2000e-2(j), Title VII of the Civil Rights Act of 1964 by offering preferential treatment to "priority promotion" claimants based on claimant's race and national origin.

77.   Plaintiff and Defendants have violated this provision of Title VII despite the fact there is no per se disparate impact according to the "four-fifths rule" of 29 C.F.R. §1607.4(D) stating that a rate of any race, sex or ethnic group greater than four-fifths of the rate of the highest scoring group will generally not be regarded by Federal enforcement agencies as evidence of adverse impact. **29 C.F.R. 1607.4(D)**.

78.   As a result of this violation, Intervenors have had their current promotional exam cancelled and will be bypassed in favor

27

of priority promotion claimants on sole basis of claimants'
race.

WHEREFORE, as their fifth cause of action, Intervenors
hereby demand relief against Plaintiff and Defendants, and each
of them jointly and severally, as follows:

a.    Enter an ORDER granting Intervenor's right to intervene in
this matter.

b.    Enter an ORDER for injunctive relief enjoining Plaintiff
and Defendants' from enacting the Decree.

c.    Enter an ORDER to reinstate the currently active Sergeant
promotion list in Paterson, New Jersey.

d.    Enter an ORDER allowing Intervenors to conduct discovery of
all relevant materials, reports, files, depositions, and
analyses in order to verify methodological and statistical
conclusions reached by Plaintiff's experts.

e.    Any other relief the Court deems appropriate.

<u>**COUNTER CLAIM VI**</u>

**VIOLATION OF 42 U.S.C. § 1983**

Intervenors hereby incorporate paragraphs 1 through 77 as
though fully set forth herein.

78.   Plaintiff and Defendants violated the provisions of *42
U.S.C. § 1983* in that Plaintiff and Defendants, acting under
color of federal and state law, intentionally deprived
Intervenors of the privileges and immunities secured to them by

the Fourteenth Amendment of the Constitution of the United States, Article VII, Sec. I, Para. 2 of the New Jersey Constitution by depriving them of rights without due process of law by their hindering Intervenor's opportunities for promotion and awarding benefits to others resulting from discriminatory practices.

WHEREFORE, as their fourth cause of action, Intervenors demand judgment against Plaintiff and defendants, and each of them jointly and severally for:

a.   Enter an ORDER granting Intervenor's right to intervene in this matter.

b.   Enter an ORDER for injunctive relief enjoining Plaintiff and Defendants' from enacting the Decree.

c.   Enter an ORDER to reinstate the currently active Sergeant promotion list in Paterson, New Jersey.

d.   Enter an ORDER allowing Intervenors to conduct discovery of all relevant materials, reports, files, depositions, and analyses in order to verify methodological and statistical conclusions reached by Plaintiff's experts.

e.   Any other relief the Court deems appropriate.

Respectfully Submitted,

___/s/Joseph S. Murphy_____
Joseph S. Murphy, Esq.
February 6, 2012                    For Defendant/Intervenors