**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| *Plaintiff*, | **Civil Action No. 10-91 (KSH) (CLW)** |
| v. | |
| **STATE OF NEW JERSEY and NEW JERSEY CIVIL SERVICE COMMISSION,** | **OPINION APPROVING FINAL RELIEF AWARD LIST** |
| *Defendants*. | |

**Katharine S. Hayden, U.S.D.J.**

I.  **BACKGROUND**

In 2010, the United States Department of Justice filed a complaint against the State of New Jersey and the New Jersey Civil Service Commission ("NJCSC") alleging that the selection procedures for promotion to the rank of police sergeant, specifically the written examination, had a disparate impact on African American and Hispanic applicants in violation of Title VII of the Civil Rights Act of 1964. [D.E. 1.] After conducting comprehensive discovery, the parties reached a settlement in the summer of 2011. The Court provisionally entered the consent decree on September 15, 2011 and then entered amended consent decrees on November 2, 2011 and November 22, 2011. [D.E. 45, 48, 49.] On June 12, 2012, after considering the written submissions of the United States, the objections to the consent decree, and the lengthy presentations made by objectors during the initial fairness hearing, the Court found that the consent decree was "fair, adequate, reasonable, and consistent with the law" and entered the "Second

1

Amended Consent Decree" [D.E. 49 ("the decree")] as final. *United States v. New Jersey,* No. 10-91, 2012 WL 3265905, at *31 (D.N.J. June 12, 2012).

In addition to enjoining the State from administering the challenged sergeant exam and requiring that the State develop a new and lawful selection device for promoting candidates to sergeant, the decree provides eligible claimants individual remedial relief in the form of back pay and priority promotions. [Decree at Sections III & VI.] On July 9, 2012, as part of the individual relief process, presumptive claimants were notified of the decree and were invited to file a claim for individual relief by returning an "interest in relief" form. [*Id.* ¶ 33; 05/08/13 Fairness Hearing Tr. 5:10-19.] The deadline to request relief was extended until October 19, 2012 to ensure that claimants who did not receive the initial notice, but were reached in the second mailing or via telephone, had ample opportunity to submit a timely claim. [*See* D.E. 82 ("Joint Response") at 3 n.3; 05/08/13 Fairness Hearing Tr. 6:6-11.] On December 6, 2012, the parties submitted a "Relief Awards List" to the Court outlining the type and amount of individual relief to be awarded to the 804 candidates who had requested relief. [D.E. 79; 05/08/13 Fairness Hearing Tr. 6:12-14.] In accordance with the decree, the Court scheduled a fairness hearing on individual relief and the parties notified the claimants of their eligibility for relief under the decree. [Decree ¶¶ 43-44; D.E. 80 (Scheduling Order).] The letters to the claimants indicated whether the candidate was determined to be eligible for back pay and/or priority promotion; the reason for any determination of ineligibility for relief; the candidate's proposed share of back pay, if any; and notice of the fairness hearing on individual relief. [Joint Response at 4 (citing Decree ¶ 44).] The claimants were also sent two additional forms: "Instructions for Filing an Objection to Individual Relief" and a blank "Objection to United States' Determination Regarding Individual Relief to be

Awarded Under the Consent Decree" form and were told that to be timely, any objections had to be postmarked no later than March 9, 2013.  [*Id.* (citing Decree ¶ 46).]

In response to the determination letters, the parties received 54 objections.  [Joint Response, App'x C.]  In their joint response to these objections, the parties recommended sustaining three objections, deferred to the Court on four objections, and recommended denying the remaining 47 objections.  [*Id.* at 5.]

At the conclusion of the individual relief hearing, having fully considered the candidates' written objections and the parties' joint response to them, and the presentations and statements made during the hearing, the Court addressed the objections to the individual relief determinations, agreed with the parties' recommendations, and approved the Final Relief Awards List.  [*See* D.E. 83.] Because only one objector appeared at the individual relief hearing, the Court files this supplemental opinion reflecting its findings with respect to all of the objections and points out that the June 12, 2012 rulings on the adequacy of the relief under the decree necessarily guided the Court's findings on almost all of the individual objections.  [*See also* 05/08/13 Fairness Hearing Tr. 29:4-35:13 (where the Court specifically addressed the objections raised by the 18 claimants who indicated that they were going to attend the hearing but did not attend).]

## II.    OBJECTIONS TO INDIVIDUAL RELIEF

The objections to individual relief fall into the following categories: **(A)** 17 objections to the amount of back pay per claimant; **(B)** 22 objections to ineligibility for priority promotion; **(C)** nine objections to ineligibility for relief by candidates who do not satisfy the decree's definition of "claimant"; **(D)** one objection to limiting priority promotion eligibility to the jurisdiction in which the candidate took the sergeant exam; **(E)** one objection to paying a fee to take the new sergeant exam; **(F)** five objections to ineligibility for relief based on the candidates' failure to

3

comply with the decree's procedures; and **(G)** six blank objections. [05/08/13 Fairness Hearing Tr. 8:3-22.] These categories will be discussed in turn.

### A. Objections to Amount of Back Pay per Claimant

To fund the back pay awards recoverable by claimants, the decree required that the State deposit $710,000 into one settlement fund for African American claimants ("Settlement Fund I") and $290,000 into another settlement fund for Hispanic claimants ("Settlement Fund II"). [Decree at ¶¶ 28-29; 05/08/13 Fairness Hearing Tr. 4:24-5:4.] Under the decree, "eligible claimants" are:

> any African-American or Hispanic person from those jurisdictions identified in Attachment A who has not been promoted to police sergeant and who:
>
> **a)** between 2000 and 2009, failed a police sergeant written exam where appointments from the eligible list resulted in a shortfall of his or her race;[1] or
>
> **b)** between 2000 and 2008, passed a police sergeant written exam where appointments from the eligible list resulted in a shortfall of his or her race, but ranked below the lowest-ranking candidate appointed from that eligible list.

[Decree at ¶¶ 3, 43; 05/08/13 Fairness Hearing Tr. 4:16-23.] Each eligible claimant is entitled to receive back pay for each year between the exam he or she took that made him or her eligible for relief and December 31, 2010 (the last full calendar year before the settlement was reached). [Joint Response at 7, n.10.]

In order to calculate the value of one year of back pay, the parties took the total available back pay fund amount and divided it by the total number of years for which claimants are eligible.

---

[1] At the initial fairness hearing, the D.O.J. described a "shortfall" as "a descriptive number, indicated to show the Court the practical effect of the disparities. It is simply an estimate of how many more additional candidates we would have expected to have been promoted if the state's use of the written exam did not result in disparities." [D.E. 69 ("03/12/12 Fairness Hr'g Tr.") at 16:21-17:1; 23:25-24:2.]

4

Based on the calculations used to create the Relief Awards List filed with the Court on December 6, 2012, one year of back pay from Settlement Fund I was worth $217.66, and one year of back pay from Settlement Fund II was worth $192.31. [Joint Response at 7; 03/12/12 Fairness Hr'g Tr. 164:20-165:10; Decree at ¶¶ 31–36, 40–59.]

The following chart provided by the parties during the individual relief hearing is instructive:

|  | Settlement Fund I (African American Claimants) | Settlement Fund 2 (Hispanic Claimants) |
|---|---|---|
| **Total Available Back Pay** | $710,000 | $290,000 |
| **Number of Claimants Requesting and Eligible for Back Pay** | 485 | 238 |
| **Number of Years for Which Claimants are Eligible for Back Pay** | 3,262 | 1508 |
| **Value of One Year of Back Pay (Total Available Back Pay/Number of Years)** | $217.66 | $191.31 |
| ***All figures based on Relief Awards List filed December 6, 2012.** | | |

[05/08/13 Fairness Hearing Tr. 9:2-10:20.]

In response to the individual relief determinations, 17 claimants objected alleging that the back pay amounts are too low. [05/08/13 Fairness Hearing Tr. 8:24-9:1.] For example, six of these objectors allege that they are entitled to more than $100,000 in back pay while others allege they are entitled to $80,000, $66,000, and $40,000 in back pay. Some of the objectors appear to arrive at these figures by taking the yearly difference between the salary of an officer and that of a sergeant and then multiplying it by the years for which they believe they are entitled to back pay. [*See, e.g.,* James Walters objection, attached as App'x C, Exh. 51 to Joint Response.] In their joint response, the parties recommended that these objections be overruled because they are effectively barred by the Court's June 12, 2012 ruling that the $1,000,000 back pay fund total was appropriate.

5

[Joint Response at 6; *see also* 05/08/13 Fairness Hearing Tr. 10:22-11:3 ("The Court has already ruled that $1 million as a whole is an appropriate back pay award, and the United States fairly distributed those amounts to those harmed by the exam; [the] negotiated settlement amount necessarily involves compromise and does not involve the entire amount that would have been available in the best possible outcome at trial.").]

In overruling these same objections after the initial fairness hearing, the Court found that the $1,000,000 negotiated back pay fund was fair, adequate, and reasonable:

> Lines are inevitably drawn when a settlement provides tiered relief. Although the record demonstrates this to be a strong case, that does not guarantee that the United States would have obtained the maximum relief available under Title VII had the case gone to trial. The Court's task here is to determine whether the settlement is fair, reasonable, adequate, and consistent with federal law. . . . The settlement extends relief to many affected claimants, and when taken in conjunction with the other relief afforded in the decree, the Court is satisfied that the totality of the relief afforded is adequate. Accordingly, the Courts finds that the back pay award is appropriate.

*United States v. New Jersey*, 2012 WL 3265905, at *21-22.

The Court is necessarily guided by its previous finding that the negotiated and agreed upon back pay amount of $1,000,000 is fair and adequate and thus these individual objections are overruled.

### B. Objections to Ineligibility for Priority Promotion

Under the decree, eligible claimants are also entitled to priority promotion with retroactive seniority. This provision dictates that the State must "certify claimants eligible for priority promotion over all other eligible candidates until a minimum of, and no more than, 68 offers of priority promotions have been made to eligible claimants who pass the new selection procedure for police sergeant as developed under th[e] decree." [Decree ¶ 60.] The 68 priority promotions are allocated to 48 African American candidates and 20 Hispanic candidates. [*Id.* ¶ 61.] These

promotions are only available in specific jurisdictions and in amounts specified in the decree: Atlantic City (five African American, two Hispanic); Bridgeton (two African American, one Hispanic); Camden (three African American, one Hispanic); East Orange (two African American, one Hispanic); Elizabeth (three African American, three Hispanic); Hoboken (three Hispanic); Jersey City (six African American, two Hispanic); New Brunswick (one African American, two Hispanic); Newark (14 African American, one Hispanic); Passaic (two African American, one Hispanic); Paterson (five African American, one Hispanic); Teaneck (two African American, one Hispanic); and Trenton (three African American).  [*Id.*; *see also* Exh. K to Decree; 05/08/13 Fairness Hearing Tr. 5:5-9.]

The parties received 22 objections to determinations of ineligibility for priority promotion and recommend that three of those objections should be sustained and 19 overruled.  [05/08/13 Fairness Hearing Tr. 11:8-9.]

Seventeen of the objectors argued that they are entitled to priority promotion relief despite the fact that their jurisdiction was not among those named as a jurisdiction with a shortfall of three or more. Two additional candidates took the exams in priority-promotion jurisdictions but have since either transferred to a non-priority promotion jurisdiction or retired.  [Joint Response at 9-10; 05/08/13 Fairness Hearing Tr. 11:12-20.]  The parties ask that these 19 objections be overruled because "the Court has already considered and rejected requests to expand the number of jurisdictions where priority promotions may occur." [Joint Response at 9-10;[2] *see also* 05/08/13 Fairness Hearing Tr. 12:1-10 (priority promotion jurisdictions are those "that were most harmed

---

[2] The parties also point out that of those objectors, 15 should also be procedurally barred as they did not submit requests for priority promotion. [Joint Response at 10 (citing App'x D, Exhs. 66-80; App'x C, Exh. 32).]

7

by the challenged practices because all had shortfalls of three or more. The Court has already considered and rejected requests to expand the number of priority promotion jurisdiction[s].")]

Indeed, during the initial fairness hearing, claimants argued that priority promotions should not be limited to jurisdictions with a shortfall of three or more and should be expanded beyond the 13 jurisdictions listed in the consent decree. [*See* 03/12/12 Fairness Hearing Tr. 100:8-110:17, 148:21-156:5.][3] The Court rejected these arguments, concluding that

> [t]he practical decision to limit priority promotions to those jurisdictions with shortfalls of three or more serves the twofold purpose of affording the strongest relief only to those jurisdictions most affected by the examination's disparate impact while also limiting the disruptive effects of priority promotions. Recognizing the frustration, the Court still does not find the limitations unreasonable, especially where the decree provides objectors with the opportunity to pursue back pay claims and to take a new, fairer examination.

*United States v. New Jersey*, 2012 WL 3265905, at *25.

The above notwithstanding, the parties recommend sustaining three objections that resulted from administrative or technical errors. The State's database mistakenly led the parties to believe that Richard Hernandez and Brian Logan were no longer employed by their respective jurisdictions. [Joint Response at 11.] Because Hernandez and Logan verified their status as current employees of priority-promotion jurisdictions, the parties recommend that the Court find them eligible for priority promotion. [*Id.*; *see also* App'x C, Exhs. 2, 15; 05/08/13 Fairness Hearing Tr. 12:15-13-3.] The parties also recommend that the Court find Nathaniel Johnson, Jr. eligible for

---

[3] Despite the fact that this precise argument was rejected by this Court at the initial fairness hearing, counsel Raymond Jones and Brian Curley advance these arguments for a second time now on behalf of officers from Hamilton Township and Irvington. [03/12/12 Fairness Hearing Tr. 101:2-7; 102:9-13; 153:9-156:9; 05/08/13 Fairness Hearing Tr. 12:11-14.] Although they indicated they would be appearing at the fairness hearing, neither the officers nor their counsel attended the hearing.

priority promotion because despite not originally receiving a request for priority promotion, upon receiving Johnson's objection the parties acknowledged that their fax log indicates there was a printing error on the day Johnson sent his request. [*Id.*; *see also* App'x C, Exh. 1 and App'x D, Exh. 81; 05/08/13 Fairness Hearing Tr. 13:4-15.] Notably, Johnson was the only objector to appear during the individual relief hearing. [*See* 05/08/13 Fairness Hearing Tr. 13:16-20:16.]

In light of the parties' representations regarding the administrative errors associated with the previous denials of Hernandez, Logan, and Johnson's claims, the Court is satisfied that these three claimants are eligible for priority promotions. However, as with the back pay analysis, the Court is necessarily guided by its previous determination that the parties' negotiated provision that priority promotions would be available only for those jurisdictions with a shortfall of three or more was fair and adequate. While the shortfall number may seem like an arbitrary cutoff to the objectors, and the parties have all but conceded as much, it is not for the Court to now invalidate the negotiated and agreed upon terms of the decree it has already approved in substance.

### C. Objections to Ineligibility for *Any* Relief

As noted above, *supra* at p. 4, to qualify as a "claimant" under the decree, a candidate must have taken the exam between 2000 and 2009 in a jurisdiction in which there was a shortfall of the candidate's race and must have been denied promotion to police sergeant. [*See* Decree ¶ 3; 05/08/13 Fairness Hearing Tr. 21:3-11.] The Second Amended Attachment A to the decree sets forth the jurisdictions and years in which there was a shortfall of African American and/or Hispanic candidates who were not promoted to sergeant due to the disparate impact of the exam. [*See* D.E. 79, Exh. B for Second Amended Attachment A.]

The parties received nine objections to ineligibility for *any* relief from candidates who do not satisfy the decree's definition of "claimant." [05/08/13 Fairness Hearing Tr. 20:24-21:2.] The

9

parties recommend that these objections be overruled because "[t]he definition of 'claimant' was crafted during settlement negotiations to ensure that the negotiated relief was distributed to those candidates who were most harmed by the State's challenged practices." [Joint Response at 12.] The parties also point out that when initially approving the decree, the Court rejected objections to this definition, including an objection from Leroy Bibbs, who both then and now objects to the fact that African American candidates from Kearny are not eligible for relief while Hispanic candidates are. [*Id.* (citing *United States v. New Jersey,* 2012 WL 3265905, at *21-22); *see also* App'x C, Exh. 5; 05/08/13 Fairness Hearing Tr. 21:12-15.] Thus, the parties recommend that the Court overrule the objections of: (1) Jamal Minitee (App'x C., Exh. 10) who took the exam in Union County, in which a shortfall did not occur; (2) Patrick LaGuerre (App'x C, Exh. 52) who took the exam in 2008 in East Orange, in which a shortfall did not occur; (3) Leroy Bibbs (App'x C, Exh. 5) who took the exam in Kearny, in which a shortfall of African American candidates did not occur; (4) Eric Brown (App'x C, Exh. 62) who took the challenged exam in 2004 and 2007 in New Brunswick, in which a shortfall of African American candidates did not occur; and (5) Keli Mainor-Oatman (App'x C, Exh. 49) who took the exam in 1998 and, therefore, outside of the date range challenged in this action. [*Id.* at 12-13; 05/08/13 Fairness Hearing Tr. 21:13-22:3] In addition, the parties ask that the Court overrule the objections of Kevin Coleman, Iris Cruz, Patrick Forrest, and Lawrence Flanagan because they have been promoted to sergeant and thus are not "claimants" entitled to relief. [Joint Response at 13 (citing App'x C, Exhs. 7, 28, 29, 33); 05/08/13 Fairness Hearing Tr. 22:4-6.]

      Recognizing that jurisdictions like Kearny have shortfalls such that Hispanic candidates may be eligible for back pay while African American candidates are not (or vice versa), and neither

African Americans nor Hispanics are eligible for priority promotion, at the initial fairness hearing this Court stated that

> [t]he United States and the State reached an agreement in which limited back pay is made available only to claimants in jurisdictions with a shortfall of at least one. Such a decision is neither unreasonable nor inequitable; to the contrary, it targets the back pay remedy exclusively to officers in jurisdictions where a statistically discernible disparate impact exists, ensuring relief in the most affected jurisdictions. . . . The settlement extends relief to many affected claimants, and when taken in conjunction with the other relief afforded in the decree, the Court is satisfied that the totality of the relief afforded is adequate.

*United States v. New Jersey,* 2012 WL 3265905, at *21-22.

Because the definition of "claimant" was a negotiated term, containing very specific parameters, which the Court found to be adequate after the initial fairness hearing, these objections are overruled.

### D. Objection to Limiting Priority Promotion Eligibility to the Jurisdiction in which the Candidate Took the Sergeant Exam

Darrell Henderson, a claimant who took the sergeant exam in the city of Camden, was deemed eligible for back pay and priority promotion by the parties but nonetheless objects to the limitation of his eligibility for priority promotion to the jurisdiction in which he took the sergeant exam and asserts that he should be eligible for priority promotion in any other jurisdiction participating in the civil service system. [App'x C, Exh. 3.] The parties argue that this objection has been rendered moot by Henderson's promotion to sergeant in the Camden County police force, effective April 12, 2013. [Joint Response at 14 (citing Declaration of Daniel Hill ¶ 6, App'x D, Exh. 89); 05/08/13 Fairness Hearing Tr. 22:11-16; *see also id.* at 22:17-23:7 (explaining the unique circumstances facing claimants who took the sergeant's exam in the city of Camden because that police force was going through dissolution).]

11

Because Henderson no longer meets the definition of "claimant," the Court adopts the recommendation of the parties and overrules his objection as moot.[4]

### E. Objections Based on Procedural Flaws

Five claimants who were previously deemed ineligible for relief have submitted objections suggesting that their ineligibility is solely the result of procedural circumstances beyond their control. [05/08/13 Fairness Hearing Tr. 23:20-23.] The parties recommend that the objection of Vilma Plaza be overruled but do not object to the Court sustaining the remaining objections of Bernard Davis, James Davis, Lydell James, and Jose Ramirez. [Joint Response at 15.]

Plaza submitted an objection stating that she did not receive any information about the lawsuit because she moved in 2010. [App'x C, Exh. 58.] The parties acknowledge that the notice of entry of the decree and instructions for submitting a claim for relief were sent to Plaza but were returned due to insufficient address. [Joint Response at 15 (citing Brown Declaration attached as App'x D, Exh. 88 at ¶ 15).] The parties maintain, however, that upon receiving her objection, the United States called Plaza three times and left three messages notifying her that she must submit an Interest in Back Pay and/or Priority Promotion Form to be considered for relief. [*Id.* (citing Brown Decl. at ¶ 16).] Because the United States has not heard back from Plaza, the parties recommend that the Court overrule her objection because she has not submitted a claim form

---

[4] Henderson also objected to paying a fee to take a new exam. [App'x C, Exh. 3.] The parties argue that in addition to being moot because Henderson was hired as a sergeant, the Court should overrule this objection and maintain the generally applicable procedure requiring all candidates for sergeant, including those candidates who are eligible for priority promotion, to submit an application and fee to sit for the new selection procedure for sergeant. [Joint Response at 15; 05/08/13 Fairness Hearing Tr. 23:12-19.] Because the decree does not disturb the State's practice of charging a fee for candidates to take promotional exams, the Court is satisfied that this objection should also be overruled. [05/08/13 Fairness Hearing Tr. 40:4-8.]

requesting relief. [*Id.* at 15-16 (citing Brown Decl. at ¶ 17); 05/08/13 Fairness Hearing Tr. 24:5-21.]

Despite indicating that she would be present at the relief list fairness hearing, Plaza did not attend to clarify why she had not submitted a claim form requesting relief. In light of the foregoing, the Court agrees with the parties that Plaza has waived her eligibility through her procedural deficiencies.[5]

The four remaining claimants, Bernard Davis, James Davis, Lydell James, and Jose Ramirez, argue their ineligibility was the result of circumstances outside of their control. [*See* App'x C, Exhs. 11, 12, 43, 53.] Acknowledging that these four claimants would otherwise be eligible for back pay and/or priority promotion, the parties defer to the Court. [Joint Response at 16-18; 05/08/13 Fairness Hearing Tr. 24:22-24.] After reviewing the claimants' requests for relief, the Court is satisfied that these claimants have proffered sufficient explanations of the circumstances surrounding their procedural noncompliance and will sustain these objections. Specifically, the Court is persuaded by the fact that:

- Bernard Davis was not regularly checking his mail because he was living at his elderly parents' house to provide them with care (App'x C, Exh. 53; 05/08/13 Fairness Hearing Tr. 35:17-36:1);

- James Davis did not receive the notices sent to him as was evidenced by the parties' acknowledgement that his notices were returned due to insufficient address (App'x C, Exh. 11 and Joint Response at 17; 05/08/13 Fairness Hearing Tr. 36:2-18);

---

[5] The parties also argued that an interest in relief form and objection received just prior to the hearing from "Bradley" should also be overruled as untimely. [05/08/13 Fairness Hearing Tr. 23:24-24:4.] Bradley did not appear the fairness hearing. The Court agrees and finds the interest in relief form and objection untimely. [*Id.* 39:22-24.]

- Lydell James's notice of revised claim forms was returned to the parties as unclaimed (App'x C, Exh. 12 and Joint Response at 17; 05/08/13 Fairness Hearing Tr. 36:19-37:5); and

- Jose Ramirez resubmitted his interest in relief form as soon as he was notified by the parties that they had not received his initial request for back pay (App'x C, Exh. 43; App'x D, Exh. 87; 05/08/13 Fairness Hearing Tr. 37:6-15).

The Court notes that the parties included these four candidates into the amended relief awards order and acknowledge that incorporating back pay for these four candidates, three African American and one Hispanic, has a slight impact on the back pay amount for one year provided in the chart above. [*See* 05/08/13 Fairness Hearing Tr. 25:5-11 (explaining that inclusion of these four candidates decreases one year of back pay for African American candidates by $1.39/year and one year of back pay for Hispanic candidates by 26 cents).]

### F. Blank Objections

The parties received six objections from people who submitted forms without specifying the nature of their objections. [App'x C, Exhs. 4, 17, 54, 56, 60, and 61.] The parties contend that they are unable to comment on these submissions except to state that they do not provide any basis for amending the relief determinations. [Joint Response at 19; 05/08/13 Fairness Hearing Tr. 27:21-24.]

Because these objectors did not provide the basis for their respective objections and did not appear at the fairness hearing to voice their objections, the Court must overrule those objections.

### III.    CONCLUSION

Based on the foregoing, the Court agrees with the parties' position that the general objections to (A) the amount of back pay and (B) jurisdiction eligibility for priority promotions (47 objections in total) are effectively barred by this Court's June 12, 2012 opinion approving the terms of the consent decree. [05/08/13 Fairness Hearing Tr. 37:16-21.]  With respect to the more nuanced objections, the Court agrees with the parties' recommendation and will sustain the objections of Nathaniel Johnson, Jr.; Brian Logan; and Richard Hernandez, and hold that they are eligible for priority promotion because the United States' earlier determination of ineligibility was the result of administrative errors.  [*Id.* 37:22-38:2.]  The Court will also sustain the objections of Bernard Davis; James Davis; Lydell James; and Jose Ramirez, who were previously deemed ineligible for relief but have submitted objections suggesting that their ineligibility is solely the result of procedural circumstances beyond their control. [*Id.* 38:3-5.]  The Court overrules all other objections and approves the amended relief awards list as a final relief awards list. [*Id.* 38:6-9.]

Date: April 10, 2014

/s/ Katharine S. Hayden  
Katharine S. Hayden, U.S.D.J.